VALERIE V. LINDQUIST, complainant-appellant,

*v.*

JOHN L. LINDQUIST, defendant-respondent.

[Submitted October 31st, 1941. Decided January 9th, 1942.]

*Mr. Charles Handler,* for the complainant-appellant.

*Mr. Edward R. McGlynn,* for the defendant-respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from an alimony decree. Two questions are presented, viz. (1) the amount to which complainant-appellant is reasonably entitled; (2) the time from which the payments should be allowed.

The parties were married on September 20th, 1939. Appellant alleges that defendant-respondent abandoned her and separated himself from her on September 23d, 1939, and thereafter refused and neglected to support her. She filed her bill for maintenance on December 16th, 1939. Defendant answered and counter-claimed praying that the marriage between the parties be decreed to be null and void. On application for alimony *pendente lite* and counsel fees, an order was entered on January 9th, 1940, providing, *inter alia:*

"Ordered that the decision on the question of alimony be reserved pending final hearing and if then allowed it shall relate back to the date of the making of the application."

After final hearing a decree was entered denying complainant separate maintenance and granting defendant the relief prayed for in his counter-claim for nullity of the marriage. Complainant appealed to this court and the decree below was reversed on the ground that there was a valid and subsisting marriage between the parties. *130 N. J. Eq. 11; 20 Atl. Rep. (2d) 325.* A *remittitur* was entered on May 21st, 1941, and on July 1st, 1941, a final decree was entered in the Court of Chancery adjudging that defendant's counter-claim for nullity be dismissed, and decreeing that the parties were duly married and that defendant unjustifiably abandoned complainant and refused and neglected to provide for her; that the defendant pay to complainant the sum of $30 for the week of June 30th, 1941, and weekly thereafter; and denied complainant's application to have the alimony allowed as of January 9th, 1940, the date of the application for alimony *pendente lite.*

The complainant insists that the allowance of $30 per week is inadequate in view of the situation of the parties, and we think it is. The defendant is a department store executive with an income of around $14,000 per year. Complainant, before the marriage, had a position in the same store at a salary of $30 per week which she was compelled to relinquish due to her difficulties with defendant. She has been earning from $12 to $14 per week as a clerk in a retail store. She has been unable to support herself and has had to borrow money and incur debts. She is not in good health and the work she has been doing is a strain upon her health. It is true, as defendant points out, that the parties never lived together after the marriage and complainant did not become accustomed to living upon a scale commensurate with the income of the defendant. But in the instant case it has been determined that the husband is the offending party and that the wife is free from any marital offense. In *Kirshbaum* v. *Kirshbaum, 129 N. J. Eq. 429,* it was held by this court that the means and station in life of the husband must be con-

sidered in fixing support as well as the necessity of the wife. We conclude, therefore, that the decree should be modified to provide for an allowance of $50 per week.

We are likewise in accord with the contention of the complainant that the alimony should be payable from the date of the order of January 9th, 1940, above quoted. That order, which was advised by an advisory master other than the one who advised the decree under appeal, fixed the rights of the parties with regard to alimony and established the right of the complainant, if ultimately successful, to have alimony run from that date. In *Nash* v. *Leiderman & Nash Building Co., 103 N. J. Eq. 287,* this court said:

"The question naturally suggests itself as to whether the Court of Chancery has the power to alter an order made by it which fixes the status and the rights of the parties interested in the subject-matter thereof by merely making at a subsequent time, and after the time within which an appeal may be taken from the order has expired, a new order upon the same subject-matter which materially alters the former order. * * * If this be the law the right accorded a party by a former order would never be secure. * * * The same principle which applies to a decree of the Court of Chancery applies to an order of said court."

Of course, alimony orders and decrees, with respect to the amount thereof and the continued right to support, remain within the control of the court and are subject to change in the light of changed circumstances. But the fixing of the time from which payments should be made, if the complainant ultimately established her right to support, we deem to have been a finality. And even if it were not, we see no circumstances in the present case which would justify a change.

Defendant argues that the wording of the order of January 9th, 1940, is such that the determination made by the advisory master who sat at the final hearing is controlling, and since that determination was in favor of the defendant and no award of alimony was then made, the clause in question lost its efficacy and the reversal in this court and decree entered below in favor of complainant at the direction of this court is of no effect so far as fixing the time for commencement of

payments is concerned. We cannot agree with this. The effect of the holding of this court was that the complainant should have been successful at the final hearing before the master on the issue of maintenance and the husband's right to have the marriage annulled. There was no other defense to the claim for support. The determination of this court fixed her rights as of the time of final hearing.

The decree is modified to increase the allowance as stated and to provide for payments from January 9th, 1940.

*For affirmance*—None.

*For modification*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 15.