August J. Sassman appeals from an order dismissing, without prejudice, an application to reduce and modify the maintenance provisions of a final decree of the Court of Chancery. On April 24, 1945 when the decree was entered, plaintiff was employed and earning $437. a month. The decree directed him to pay $75. a month and permitted the defendant to continue to occupy, rent free, the second floor apartment of premises owned by the plaintiff and defendant as tenants by the entirety. It also directed the plaintiff to pay the taxes and insurance premiums thereon amounting to $292.44 annually. On August 6, 1948 plaintiff was retired from his former employment and now receives a monthly pension of $86.31. In addition, he receives old age social security benefits amounting to $44.80 per month and unemployment compensation benefits of $22. per *Page 308 
week. His admitted income is $226.44 per month. The defendant is 60 years of age and employed as a nurse at an average income of $30. per week. She is under medical care for hypertension, secondary anemia and nervous tension. The plaintiff is 65 years of age, in good health and presently out of employment. He has registered with the State Employment Service but refused the only offer of employment because the wages were meager for the hours required.
In view of an admitted income of $226.44 a month and the present uncertainty as to future employment, we perceive no error in dismissing the application for a reduction at this time. It is suggested that since the unemployment insurance benefits will shortly cease, a modification is presently in order. Judgments for alimony and maintenance remain within the control of the court and are subject to change in the light of changed circumstances. Lindquist v. Lindquist, 130 N.J. Eq. 611 (E. A. 1941.) Until the event took place, the application was premature and was properly dismissed.
The order under appeal is affirmed.