The remaining ground relating to the court's criticism of defense counsel's conduct is devoid of merit.

Affirmed.

ELLEN SHINDEL, PLAINTIFF-RESPONDENT, v. SEYMOUR SHINDEL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Decided December 10, 1962.

Before Judges GOLDMANN, FREUND and FOLEY.

*Mr. Albert L. Cohn* for the defendant-movant (*Messrs. David & Albert L. Cohn,* attorneys; *Mr. Daniel Crystal,* on the brief).

*Messrs. Gelman & Gelman,* attorneys for plaintiff.

GOLDMANN, S. J. A. D.   Defendant husband has moved for leave to appeal from an order of the Chancery Division, Matrimonial Part, directing that he pay his wife *pendente lite* support of $15 a week and suit monies not to exceed $100.   The order also directed that he pay $15 a week for the support of the child of the marriage.   Defendant recognizes his obligation toward his child and will continue to make payments.

Leave to appeal is granted and by consent of counsel we dispose of the appeal on the papers filed.

Plaintiff sued defendant for divorce on the ground of adultery. Defendant in his answer and in an affidavit filed in the cause has specifically denied having committed adultery anywhere or with anyone, including the alleged co-respondent. By way of separate defense, he charges that plaintiff is guilty of a matrimonial offense.

Nowhere in her application for *pendente lite* relief has plaintiff corroborated either the adultery charged or her need for such relief.

At the argument on plaintiff's motion for *pendente lite* support, suit monies and counsel fee, defendant called the attention of the trial court to the lack of any corroboration of plaintiff's cause of action and to the holding of our courts that in such a case a *pendente lite* award may not properly be made. The court nonetheless granted plaintiff's motion for support and suit monies pending final determination, but ordered that the matter of counsel fees abide final hearing. The present appeal involves that order.

In the recent past our attention has been called to the entry of *pendente lite* support orders on a plaintiff wife's uncorroborated complaint. This irregular practice is disapproved. Vice-Chancellor Walker (later Chancellor) pointed out in *Earl v. Earl,* 79 *N. J. Eq.* 517, 518 (*Ch.* 1911), that although the wife is a favored suitor, she must nevertheless make out a *prima facie* case before she can obtain support and counsel fee *pendente lite.* Her oath is not in itself sufficient to entitle her to preliminary relief; she must on her application "at least show the court that she has such a case as, if proved on final hearing, will entitle her to the relief she seeks. And this, of course, is entirely aside from the defendant's denial." See 10 *N. J. Practice* (*Herr, Marriage, Divorce and Separation*) (1950), § 369, *p.* 356; *cf. Kerkos v. Kerkos,* 16 *N. J. Super.* 101, 110 (*App. Div.* 1951).

Contrast the practice in a separate maintenance action: in such a case the wife's affidavits in support of her

application for *pendente lite* relief must make out a *prima facie* case, but corroborating affidavits are not necessary. If such a case is established, the mere denial of the charge by the husband under oath will not necessarily preclude an *ad interim* award. *Wheeler v. Wheeler,* 48 *N. J. Super.* 184, 192 (*App. Div.* 1957). The situation in a separate maintenance action differs fundamentally from that in a divorce action, for in the former case the wife seeks to preserve the marital relation but insists that her husband discharge his obligation to support her. In a divorce action she sues to dissolve the marital bond. Just as the divorce itself is never granted upon the uncorroborated testimony of the complaining wife, so support, suit monies and counsel fee pending final determination may not be allowed on her wholly uncorroborated complaint and affidavits. She must prove not only her need but also, at the least, that "she has such a case as, if proved on final hearing, will entitle her to the relief she seeks" (*Earl v. Earl,* above), whatever the nature of the matrimonial offense charged.

The order is reversed, without costs.