96 N.J. Super. 460 (1967)
233 A.2d 212
CHARITY BLAINE, PLAINTIFF,
v.
CHESTER BLAINE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided August 15, 1967.
*462 Mr. Richard M. Glassner, attorney for plaintiff.
Mr. Chester Blaine, defendant, pro se.
Mr. Felix A. Martino, attorney for Essex County Welfare Board (Mr. John A. Matthews, Jr., of counsel).
CONSODINE, J.C.C. (temporarily assigned).
The judgment nisi provided $15 per week for alimony. An admitted amount of $760 was paid thereon to plaintiff's attorney. Loans considerably in excess of any alimony due were then made by the attorney to his client. Subsequent legal services in collateral and independent matters were charged under an assignment agreement against the alimony received by the attorney. Eventually only $85 was paid to the client.
On a later contempt proceeding against defendant, plaintiff complained she had received little or none of the alimony payments made by defendant. Our Probation Department then investigated and reported.
Alimony is the liquidation and enforcement as of a particular time of the husband's personal duty to support his wife so long as it is just that she shall retain it. Our jurisdiction is solely statutory. N.J.S. 2A:34-8 and 23; Pat. L. of 1794, p. 143; P.L. of 1818, p. 20; P.L. of 1820, p. 43.
Alimony is for the personal support of the wife. It is not a property right, an enrichment of the wife or a penalty against the husband. It is in futuro and not in esse. It cannot be enjoyed by her in anticipation. As a matter of public policy it is not susceptible of assignment by the wife to another, or of a contingent or percentage fee arrangement between a recipient and an attorney. The purpose of alimony *463 is thus clearly and only the satiation of demonstrated need of support. See Lynde v. Lynde, 64 N.J. Eq. 736 (E. & A. 1902); Flavell v. Flavell, 15 N.J. Misc. 167, 189 A. 639 (Ch. 1937); O'Hara v. O'Hara, 137 N.J. Eq. 369 (E. & A. 1945); Curley v. Curley, 37 N.J. Super. 351 (App. Div. 1955); Herr, Marriage, Divorce and Separation (1938), § 372, p. 274; § 375, p. 481; 2 Nelson, Divorce and Annulment (1961 rev.), § 14.08, p. 13; Keezer, Marriage and Divorce (3d ed.), § 576, p. 618.
The record is clear that plaintiff did not need the alimony in the sum of $675 retained by her attorney. It was not used for her support.
Plaintiff's attorney will pay to the New Jersey Division of Welfare the sum of $281.55 in reimbursement of payments to plaintiff unrelated in time to the matter sub judice, and the balance of $393.45 to the defendant.