122 N.J. Super. 277 (1972)
300 A.2d 182
JEANETTE MORRISON, PLAINTIFF,
v.
CHARLES P. MORRISON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 22, 1972.
*279 Mr. David Silver for plaintiff.
McKENZIE, J.C.C., Temporarily Assigned.
Plaintiff sues for divorce under N.J.S.A. 2A:34-2(d) which defines the cause of action as:
Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation: provided, further that after the 18-month period there shall be a presumption that there is no reasonable prospect of reconciliation. [hereinafter referred to as subsection (d)]
Defendant did not answer or appear.
Plaintiff wife testified that the parties were living together in Newark, New Jersey, on October 15, 1969, when he was arrested and jailed for armed robbery. Although he was subsequently released for a short period pending trial, he has never returned to live with her since that date. Defendant was convicted of the charges and is presently serving a sentence in the New Jersey State Prison.
*280 Plaintiff argues that the cause of separation is immaterial and the above facts alone entitle her to a divorce. If plaintiff's position is well founded, then the question arises as to what effect is to be given to N.J.S.A. 2A:34-2(g) which provides the right to a divorce based on
Imprisonment of the defendant for 18 or more consecutive months after marriage, provided that where the action is not commenced until after the defendant's release, the parties have not resumed cohabitation following such imprisonment [hereinafter referred to as subsection (g)]
Similarly, if all separations of 18 months' duration are cognizable under subsection (d), then it follows that where a spouse is institutionalized for a mental illness, a cause of action for divorce arises at the end of 18 months, and one need not wait for the expiration of the 24-month period specified in N.J.S.A. 2A:34-2(f):
Institutionalization for mental illness for a period of 24 or more consecutive months subsequent to marriage and next preceding the filing of the complaint. [hereinafter referred to as subsection (f)]
The interrelationship of these provisions of our new divorce law has not been dealt with in any previously reported case. See note in 25 Rutgers L. Rev. 476, at 482-484.
It is suggested in the report of the Study Commission submitted to the Legislature prior to the adoption of the new divorce law that subsections (f) and (g) were desirable to prevent a narrow judicial construction of subsection (d) which might limit the granting of divorces under that subsection to those separations which are voluntary in nature. N.J. Divorce Law Study Commission Final Report (May 11, 1970), at 74. The Study Commission report points out (at 113-137) that many states which have adopted a period of separation as a cause of action for divorce have specified that the separation must be voluntary or consensual in nature. Except for lengthening the time period from one year to 18 months, our Legislature has adopted the basis of this *281 cause of action as recommended by the Study Commission, omitting any requirement that the separation be voluntary.
However, the Legislature, in adopting subsection (f), lengthened the period of institutionalization for mental illness to 24 months, thus clearly intending that where a separation is so caused, a complaint for divorce cannot be brought after only 18 months under subsection (d). Similarly, it must be presumed that in enacting subsection (g), the Legislature intended that a separation resulting from a defendant's imprisonment would not in each case necessarily give rise to a cause of action under subsection (d). To hold otherwise would emasculate completely subsections (f) and (g), contrary to the rule of statutory construction that legislative enactments should be construed to give full force and effect to each and every part, harmonizing them if practicable to make them consistent with each other and with the general scope and purpose of the statute. See Jersey City v. Dept. of Civil Service, 7 N.J. 509 (1951); General Investment Co. v. American Hide & Leather Co., 97 N.J. Eq. 214 (Ch. Div. 1925) aff'd 98 N.J. Eq. 326 (E. & A. 1925); May v. Nutley Board of Commissioners, 111 N.J.L. 166 (Sup. Ct. 1933). To be avoided is a construction which renders any part inoperative, superfluous or meaningless. Hoffman v. Hock, 8 N.J. 397 (1952); Rosenthal v. State Employees' Retirement System, 30 N.J. Super. 136 (App. Div. 1954).
The rationale of subsection (d) is to terminate dead marriages, regardless of fault or lack of fault. Quinn v. Quinn, 118 N.J. Super. 413 (Ch. Div. 1972); N.J. Divorce Study Commission Final Report, op cit, at 5-6.
Conversely, marriages which may still be viable are not to be dissolved, in the absence of fault. Clearly, then, it would be reasonable for the Legislature, in certain situations where the separation is involuntary and its cause not rooted in the marital relationship, to provide different standards by which to determine whether a divorce should be granted. *282 The vitality of the marriage may be determined by criteria which are different where the circumstances are different.
Thus, under subsection (d) the extent of the breach of the marital relationship is tested by whether there is a reasonable prospect of reconciliation. Under subsection (g) a distinction is drawn between a defendant who is still imprisoned and one who has been released. A divorce cannot be granted against the latter if the parties resumed cohabitation after his release. Where a defendant is still incarcerated when the suit is commenced, as where he continues to be institutionalized for mental illness in a suit brought under subsection (f), the Legislature has in effect determined that such circumstances in themselves indicate little likelihood that the marital relationship will be resumed in the future.
This court therefore holds that where a separation is caused by either imprisonment, or institutionalization of a spouse for mental illness, a suit for divorce based on such separation cannot be brought under subsection (d), but must satisfy the requirements of the subsection of the statute which deals with that specific situation. Any other separation, voluntary or involuntary, which continues for 18 or more consecutive months, gives rise to a cause of action for divorce, if it also appears that there is no reasonable prospect of reconciliation.
Hence, the proofs offered in the instant case that defendant, while living with his wife, was arrested, removed from the marital home, imprisoned, and thereafter separated from plaintiff for a period of 18 months or more, are insufficient in themselves to entitle plaintiff to a divorce. (Plaintiff here was unable to prove defendant had been actually imprisoned for 18 consecutive months, as required by subsection (g).)
The court has not ignored the presumption against reconciliation engrafted by the Legislature onto the Study Commission's recommended subsection (d). The question arises, how would this presumption be rebutted as a practical matter? It is most unlikely that a plaintiff or plaintiff's *283 witness will volunteer evidence to overcome a presumption in favor of plaintiff's cause of action. On the other hand, a defendant, in the face of denials by the plaintiff, will find it difficult to persuade the court that a resumption of co-habitation is plausible. Reconciliation cannot be achieved unilaterally. It is reasonable to assume, therefore, that the court in behalf of the State, which continues to be interested in preserving viable marriages, is expected to satisfy itself that there has been in fact a breakdown of the marriage before dissolving it. Where the interrogation of the witnesses by counsel, together with the surrounding circumstances, leaves the court in doubt in this regard, it should conduct its own inquiry and elicit the necessary testimony. Then, in the absence of facts and circumstances sufficient to persuade the court to hold affirmatively that there is a reasonable prospect of reconciliation, the contrary status, supported by the presumption, prevails, and the parties having lived separate and apart for more than 18 months are entitled to a divorce.
In the present case, in addition to the period of separation resulting from the arrest and imprisonment of defendant, further interrogation by the court elicited additional facts. Prior to defendant's arrest the marriage was not without problems. The parties had separated more than once, defendant moving to his mother's home on these occasions. Although he was still living with plaintiff at the time of his arrest, defendant had advised her that he intended to move permanently to his mother's house. In December 1969, a few months after his arrest, defendant was released for a period pending trial, during which time he visited plaintiff once, exchanged a few words, and then left to stay with his mother until he was again incarcerated.
In view of this additional evidence the court finds that the marriage relationship had already deteriorated to the extent that it is reasonable for the court to infer that a separation for the required period would have resulted at or about that time, regardless of whether defendant was arrested, and that under all of the circumstances there is no reasonable prospect *284 of reconciliation. Plaintiff should not be deprived of her remedy because of a fortuitous event in which she had no part or responsibility.
A judgment for divorce in favor of plaintiff will be entered accordingly.