122 N.J. Super. 285 (1973)
300 A.2d 186
EDMOND ANDERSON, JR., PLAINTIFF,
v.
ANNETTE ANDERSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 16, 1973.
Mr. Michael Blacker for plaintiff.
Mr. George Warren for defendant.
McKENZIE, J.C.C., Temporarily Assigned.
Plaintiff seeks a judgment of divorce based on 18 months of separation, *286 pursuant to N.J.S.A. 2A:34-2 (d) which allows a divorce based on
Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation: provided, further that after the 18-month period there shall be a presumption that there is no reasonable prospect of reconciliation.
The separation here commenced when plaintiff was arrested for armed robbery, and continued for more than 18 months following his subsequent conviction and imprisonment for the crime.
N.J.S.A. 2A:34-2 (g) provides:
Imprisonment of the defendant for 18 or more consecutive months after marriage, provided that where the action is not commenced until after the defendant's release, the parties have not resumed cohabitation following such imprisonment.
The cause of action being based on the imprisonment of defendant, it is clear that under subsection (g) the imprisoned spouse is denied the right to a divorce.
This court has recently considered the interrelationship of the various separation provisions of the new divorce law. We held in Morrison v. Morrison, 122 N.J. Super. 277 (Ch. Div. 1972), that a separation of 18 months resulting from the imprisonment of the defendant must be brought under subsection (g) and not subsection (d).
The validity of the distinction which we thereby made between those two subsections of the new divorce law is apparent in the present case. If plaintiff is permitted to obtain a divorce under subsection (d), the obvious intent of the Legislature under subsection (g), to deny a divorce to the imprisoned party, is thwarted.
In Morrison the wife of the imprisoned defendant was granted a divorce under subsection (d) when it appeared that there was a substantial breakdown of the marriage prior to the imprisonment of the husband, so that a separation of *287 the parties would have occurred at or about that time regardless of the husband's arrest. His incarceration was a fortuitous event which the court held did not deprive plaintiff of her cause of action.
In the present case there was no real deterioration of the relationship of the parties prior to plaintiff's imprisonment. Plaintiff could only state:
May I say this, we was married approximately six months before my incarceration and a few months before my incarceration things was beginning to fade, fade a little bit, you know. It wasn't exactly like it was when we first got married. * * *
This falls far short of establishing the type of permanent marital breakdown which would persuade the court that plaintiff's incarceration was merely coincidental so that he could proceed under subsection (d).
Plaintiff is therefore barred from relief at this time, and his complaint must be dismissed.