126 N.J. Super. 96 (1973)
312 A.2d 878
MYRNA GREENBERG, PLAINTIFF-RESPONDENT,
v.
ROBERT GREENBERG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1973.
Decided December 11, 1973.
*97 Before Judges LEONARD, ALLCORN and CRAHAY.
Mr. Michael D. Mark argued the cause for appellant (Messrs. Skoloff & Wolfe, attorneys; Mr. Michael D. Mark, on the brief).
*98 Mr. Martin Verp argued the cause for respondent (Messrs. Grabow, Verp, Krulewitz & Finamore, attorneys; Mr. Martin Verp, on the brief).
The opinion of the court was delivered by CRAHAY, J.A.D.
Plaintiff Myrna Greenberg was granted a judgment of divorce grounded in defendant's extreme cruelty. She was awarded alimony at the rate of $100 a week and was granted a measure of "equitable distribution" of the parties' real and personal property. Defendant appeals from the judgment, challenging only the quantum of the weekly alimony and the equitable distribution.
N.J.S.A. 2A:34-23, as amended in 1971, includes statutory mandates anent alimony, maintenance and equitable distribution. In part provides pertinent to the issues before us:
* * * In all actions brought for divorce, divorce from bed and board, or nullity the court may award alimony to either party, and in so doing shall consider the actual need and ability to pay of the parties and the duration of the marriage. In all actions for divorce other than those where judgment is granted solely on the ground of separation the court may consider also the proofs made in establishing such ground in determining an amount of alimony or maintenance that is fit, reasonable and just. * * *
In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage." [Emphasis added]
Our review of the record satisfies us that the trial court misconstrued  insofar as alimony was concerned  the operative provisions of N.J.S.A. 2A:34-23. Furthermore, its findings on "equitable distribution" do not have sufficient record support to permit them to stand. A remand is required.
On the issue of alimony the trial court, in a written opinion, concluded:
*99 The testimony further discloses that while plaintiff was undergoing serious operative hospitalization during which she became medically addicted, defendant to her knowledge because of his boastings successfully sought relief of concupiscence in adultery.
N.J.S. 2A:34-23 provides further that this Court may also consider the proofs made in establishing the ground on which divorce sought in determining an amount of alimony that is fit, just, and reasonable. The indignity of defendant's conduct to the knowledge of his wife in her condition was so inhuman as to call on this Court to increase the projected amount of alimony under the language of the statute.
I increase the award of $75 per week to $90 per week in this regard * * *
In a letter opinion filed contemporaneously with the formal opinion, similar views were stated:
During her illness and hospitalization there is no question but that defendant committed adultery to alleviate his physical needs although I find that this was not with the consent and blessing of his wife.
It seems to me that I must consider these factors in the award of alimony. See N.J.S. 2A:34-23 ( the Court may consider also the proofs made in establishing such ground in determining an amount of alimony  that is fit, reasonable and just.)
I will allow $75 per week, plus $10 per week for medical and hospitalization, plus an increase of $15 per week on my consideration of the proofs (N.J.S. 2A:34-23, supra.)
It is clear from the above-noted impressions that the $15 a week, added to that which the trial court found necessary to maintain plaintiff and attend to her necessary medical care, had punitive overtones grounded in the husband's misconduct.
We are satisfied that the statutory permission that "the court may consider also the proofs made in establishing such ground in determining an amount of alimony or maintenance that is fit, reasonable and just," does not bespeak legislative intendment that marital misconduct may generate an award for alimony in excess of that which might be supported by long-established and traditional bases for such grants. Punishment of marital wrongdoing was not intended, nor could it be. Cf. Blaine v. Blaine, 96 N.J. Super. 460, 462 (Ch. *100 Div. 1967). Rather, the Legislature merely meant that trial courts might consider the proofs to support a matrimonial cause of action when it turned to the issue of alimony and support assessment. Examples thereof would include the length of marriage, the mental and physical health of the aggrieved spouse, the mode of living which the parties enjoyed, and the like.
The long-standing tests for the amount of equitable support and maintenance have not in our view been altered in any wise by the statutory amendment. They continue to encompass: (1) the actual needs of the wife; (2) the husband's actual means and his ability to pay support; (3) the physical condition of the parties; (4) their social position; (5) the separate property and income of the wife, and (6) any other factors which bear upon the question of fair and reasonable support.
That the Legislature intended that the basic tests for reasonable alimony be continued is evidenced by the words "fit, reasonable and just," as contained in N.J.S.A. 2A:34-23. Alimony is simply a continuation of a husband's duty to support his wife and grows out of the marital relationship. Dietrick v. Dietrick, 88 N.J. Eq. 560 (E. & A. 1918); Khalaf v. Khalaf, 58 N.J. 63 (1971). The marital wrongs are the grounds for breaking the marriage bond. The marital relationship, albeit ended, is the basis for the requirement of continuing support. We know of no authority which supports the view that alimony be a punitive device. Surely punishment or retribution toward an offending spouse was not a factor employable under any formula prescribing support either by legislation or general equitable principles.
As to equitable distribution of the real and personal property of the parties, defendant challenges so much of it 1) that orders the transfer of the marital home to plaintiff and 2) that directs payment by defendant of $15,000 out of approximately $70,000 which he allegedly held in savings accounts.
*101 N.J.S.A. 2A:34-23 provides that the court make an award to the parties which would effectuate an equitable distribution of their real and personal property which was legally and beneficially acquired by them, or either of them, during the marriage. The operative language pertinent to the case before us is that the distribution be equitable and that the property distributed be legally and beneficially acquired by the parties during the term of the marriage.
As to the marital home, plaintiff wife was awarded all the equity in it, subject to a lien in favor of defendant's parents in the amount of $10,000 loaned by them to the parties to purchase it. Our review of the record and the trial court's determination in both its opinion and supporting letter memorandum does not demonstrate the basis for this determination nor the manner in which it constitutes equitable distribution of the real estate. We do not perceive any meaningful findings of fact or conclusions of law as mandated by R. 1:7-4 to support the judgment insofar as it relates to the real property.
Likewise, we do not find sufficient support in the record nor meaningful findings by the trial court to support the purported "equitable" distribution of monies in savings accounts, totaling approximately $70,000, which would warrant the award of $15,000 therefrom to plaintiff. The finding that defendant was possessed of $70,000 was the product of computation based upon interest from those accounts reported by him on income tax returns. There is a very strong suggestion that the monies came under his control from his parents, and whether they were gifts to him in whole or in part is not clear. Cf. Painter v. Painter, 118 N.J. Super. 332 (Ch. Div. 1972). Even assuming there be a fund in the approximate amount of $70,000 and that that fund is subject to the distribution contemplated by the statute, we are not supplied with, nor does the record support, the basis for the determination that the wife should enjoy $15,000 of it.
Accordingly, the judgment under review is reversed insofar as it (1) granted plaintiff wife $100 a week alimony; *102 (2) transferred the parties' real property to plaintiff subject to the lien mentioned above, and (3) awarded the wife $15,000. The cause is remanded to the Chancery Division with directions to make findings and enter judgment not inconsistent with this opinion.[1]
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] During the pendency of this appeal plaintiff's motion to dismiss defendant's appeal was denied  the order conditioned on payment by defendant of arrearages in support payments at the date of the judgment of $960. Additionally, he was ordered to pay a sum representing $100 a week as alimony, including medical and hospitalization expenses. At oral argument we ascertained that the order had not been complied with and that there was then due the sum of $3,000. We directed that arrearages in that amount be paid within 20 days and that further noncompliance would result in dismissal of the appeal. Payment was made within the time limited, but thereafter, by letter, plaintiff's counsel advised us that certain medical bills were outstanding. In view of the directed remand, we do not pass upon defendant's liability for these claims nor upon the necessity for the services and the reasonableness of the charges  leaving those determinations for the Chancery Division.