129 N.J. Super. 235 (1974)
322 A.2d 839
ROBERT ALTBRANDT, PLAINTIFF,
v.
IPPOLITA ALTBRANDT, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 12, 1974.
*236 Mr. Philip C. Geibel for the plaintiff.
Mr. Stephan P. Lypinski for the defendant.
LESTER, J.S.C.
This is an action for divorce based upon 18 months separation, pursuant to N.J.S.A. 2A:34-2(d).
The parties were married on November 12, 1949. Plaintiff is a bona fide resident of the State of New Jersey, residing in Paramus. Defendant is similarly domiciled in New Jersey, residing in Hoboken. The parties separated on or about Thanksgiving Day, November 27, 1969, since which time, and for 18 consecutive months, they have lived separate in different habitations, and there is no reasonable prospect of reconciliation.
Defendant was hospitalized for several weeks in 1968 and in the summer of 1973. It is alleged that she was incompetent at the time of separation although not hospitalized.
N.J.S.A. 2A:34-2 sets forth the causes for divorce from bond of matrimony. Subsection (d) provides:
*237 Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation; provided, further that after the 18-month period there shall be a presumption that there is no reasonable prospect of reconciliation; * * *.
Defendant contends that such separation should be voluntary; that at the time of commencement of separation and thereafter, she was mentally incompetent; therefore, the separation was not made voluntarily, and hence a divorce should not be granted under this section.
It is the policy of this State to terminate dead marriages. To achieve this policy, the Legislature recently enacted a general revision of the divorce laws incorporating several "no fault" causes of divorce. Legislative intent with respect to this section was to establish a no-fault ground for divorce to accord with public policy that dead marriages should be legally terminated. Wansner v. Wansner, 119 N.J. Super. 190 (Ch. Dv. 1972).
The statute does not characterize the nature of the separation. Rationale of the provision of this section relating to divorce on ground of separation is to terminate dead marriages, regardless of fault or lack of fault. Morrison v. Morrison, 122 N.J. Super. 277 (Ch. Div. 1972).
The exceptions are only those enumerated by the statute in other subsections. Desertion must be willful and continuous. N.J.S.A. 2A:34-2(b). Separation as a result of imprisonment must be for at least 18 months. N.J.S.A. 2A:34-2(g). Separation as a result of institutionalization for mental illness must be for 24 months. N.J.S.A. 2A: 34-2(f). Separation is nowhere else characterized. In Morrison v. Morrison, 122 N.J. Super. 277 (Ch. Div. 1972), it was held that any separation of spouses which does not result from imprisonment or institutionalization and which continues for 18 or more consecutive months gives rise to a cause of action for divorce, whether the separation is voluntary *238 or involuntary, if it also appears that there is no reasonable prospect for reconciliation.
The purpose of this legislation is to avoid issues such as those raised by the defendant in this case.
A majority of states do not require that the separation be voluntary or by mutual assent, and it is submitted that this is the preferable view if the policy is one of adopting a non-fault ground for divorce. Insofar as the public interest in terminating dead marriages is concerned, there should be no distinction based upon the character of the separation. To insist that the separation be "voluntary" perpetuates some of the problems and anomalies of fault grounded divorce. [Final Report to the Governor and the Legislature of the Divorce Law Study Commission 72 (May 11, 1970)]
If the familial relationship has so far deteriorated that plaintiff seeks a divorce, there is no social good to be achieved by withholding the remedy. Reconciliation cannot be achieved unilaterally.
In its most recent case, Painter v. Painter, 65 N.J. 196 (1974), the Supreme Court emphasized the decreasing importance of the concept of fault. Fault, it was held, is no longer a criterion for equitable distribution of property. The court specified some of the most significant changes in matrimonial law as a result of the general statutory revision. Obstinacy need no longer be proven in order to establish a cause of action for desertion. N.J.S.A. 2A:34-2. Recrimination, condonation and the clean hands doctrine are no longer available as defenses. N.J.S.A. 2A:34-7. In addition, when awarding alimony a court may not penalize a party for marital fault. Greenberg v. Greenberg, 126 N.J. Super. 96 (App. Div. 1973).
The court holds that N.J.S.A. 2A:34-2(d) does not require a voluntary act. Incompetence, if not treated by institutionalization, is no defense to a cause of action for divorce under this section. A judgment of divorce will be entered in favor of plaintiff.