133 N.J. Super. 427 (1975)
337 A.2d 371
BENJAMIN MOORE & COMPANY, PETITIONER-APPELLANT,
v.
CITY OF NEWARK, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1975.
Decided April 15, 1975.
*428 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Carl G. Weisenfeld argued the cause for appellant (Messrs. Hannoch, Weisman, Stern & Besser, attorneys; Mr. Dean A. Gaver, on the brief).
Mr. Donald S. Coburn, Assistant Corporation Counsel, argued the cause for respondent (Mr. Donald E. King, attorney; Mr. Melvin Simon on the brief).
The opinion of the court was delivered by CRAHAY, J.A.D.
Benjamin Moore & Company (the taxpayer) owns in excess of eight acres of land in the City of Newark (Newark) on which are situated, in the main, 14 older multi-storied buildings utilized in the manufacture of paints and allied products. In this appeal it challenges the assessed valuations for the real property for the years 1970, 1971 and 1972 entered as final judgments in the Division of Tax Appeals. The hearing in the Division was bifurcated and the record essentially consists of the testimony of the taxpayer's expert, Charles Evans, taken on October 9, 1973, and that of the city's expert, Jack Birnholz, taken on December 18, 1973. At the conclusion of Birnholz's testimony the Division judge in an oral opinion entered the challenged assessments. The taxpayer's motion for a rehearing, alleging errors in the Division opinion, was denied.
Perceiving insufficient credible evidence in the record to support the Division's findings, and further finding that the conclusions do not fairly relate to the record, we are constrained to reverse the judgments under review and remand the matter for further proceedings. As was the case in Van Realty, Inc. v. Passaic, 117 N.J. Super. 425 (App. Div. 1971), we have here, plainly and simply, no adequate "findings of fact" nor any analytical expression of the basis which, applied to the found facts, led to the holdings below.
*429 The hope  expressed in Van Realty that the reversals there might serve to alert the Division to its duty to make adequate findings of fact and to express reasons for its decisions  has not been fulfilled. We reiterate that there is a compelling need for quasi-judicial and administrative agencies to understand what constitutes adequate findings of fact, the practical reasons why they are mandated, the distinctions between ultimate and basic facts, and the necessity that the findings have evidentiary support.
Applying the Van Realty principles to the record before us we observe that the findings here were in the main conclusionary and lacked meaningful reference to the testimonial background.
By way of illustration only, we note that both expert witnesses were held by the Division judge to be highly competent but that they reached different appraisals of the property. The taxpayer's expert, Evans, employed both the market data approach (comparative sales) as well as the reconstruction cost approach in arriving at his valuations, although he heavily stressed the former methodology. The municipality's expert, Birnholz, relied on the comparative sales approach in ascertaining the value of the land but did not employ that method in the overall evaluation of the "industrial manufacturing complex", using instead the cost of reproduction less depreciation method of valuation. The Division judge observed in his opinion  and in our view incorrectly  that the experts substantially relied on the reconstruction cost approach in the evaluation of improvements. It strikes us that thereafter he undertook a seemingly gratuitous and conclusionary acceptance of the municipality's theories. (We note that Birnholz ultimately conceded that the reproduction cost method in the instant premises had little bearing on fair market value  the keystone to property evaluation. N.J.S.A. 54:4-23.) We see little record support for the reproduction cost analysis urged by Birnholz and accepted by the tribunal below, and *430 no critical or comprehensive analysis of the comparative market approach employed by Evans with considerable record support. In re Appeal of the City of East Orange, 103 N.J. Super. 109 (App. Div. 1968). The failure by the judge below to analyze or meaningfully consider Evans' testimony is rendered inexplicable in view of his observations on the motion for rehearing 
I would like at this time to say that I have the utmost and highest regard for Mr. Evans as a real estate expert. I believe that he is, if not the best, certainly one of the highest regarded appraisers in the State of New Jersey. I believe that he is extremely good because of two things: in my experience with him, he has always been factually accurate and he has always been an advocate in that he has the ability to put his best foot forward when it comes to the presentation of those facts, but the facts are always accurate. There is no place in any portion of my decision which I have attempted, nor would I attempt to discredit his facts. I may disagree with the conclusion that he arrives at from those facts; I may think that he has highlighted some facts and ignored some other facts, but the factual presentation he makes, in my opinion, is always correct.
But still not a relevant word as to why he "disagreed" with Evans' "conclusions" in the matter.
As to the land assessments, Evans gave a value of $151,300. Birnholz counter-opined the value of land at $447,000, which figure was substantially adopted by the Division judge, but again without any critical analysis and based upon purported comparable sales which were not in our view readily relatable to the instant premises. Compare In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21 (1961).
It appears that Birnholz, on behalf of the municipality, identified one of the taxpayer's buildings as including 82,250 square feet of space. The fact is that that building contained only 54,242 square feet. Birnholz conceded his error in this regard, having included 28,008 square feet of space on the second and third floors of the involved building when in fact there were simply no such floors. The taxpayer argued  and persuasively  that by employing *431 Birnholz's figures the overevaluation amounted to $122,450. The Division judge did not employ Birnholz's square footage figures when the mistake was called to his attention but rather reduced the total result in value by the sum of $77,000. Although we do not imply that the $122,450 should have been accepted, there is no record support whatever for the attempted adjustment.
Lastly, we note that the oral opinion is completely silent as to any reasons for not considering Evans' testimony respecting the record's reference to bulkheading, deterioration and mudjacking costs as they relate to the situs in question.
The above cited examples are utilized by us only to point up what we regard to be an abdication by the Division of its function in ascertaining true value.
N.J.S.A. 54:2-16 mandates that findings of fact and decisions by the Division shall in all cases be reduced to writing. We are of the view that if the requirement of that enactment had been honored here, that task might have resulted in a finding of specific facts, supported by an expression of reasoning, with a conclusion that might well have been a true value different from that allegedly supporting the challenged assessments.
Accordingly, we remand for further proceedings consistent with the views expressed herein and for the recordation of findings and conclusions so that "he who reads them is made aware of the cause by which it [the Division] was brought to its decision." In re Mutual Benefit Life Ins. Co., 35 N.J. Super. 113 (App. Div. 1955); In re Central Railroad Co. of N.J., 29 N.J. Super. 32, 39 (App. Div. 1953).
Reversed and remanded. We do not retain jurisdiction.