147 N.J. Super. 326 (1977)
371 A.2d 314
JOSEPH L. MAHNE, PLAINTIFF-APPELLANT,
v.
GRANGE R. MAHNE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1976.
Decided January 28, 1977.
Amended March 31, 1977.
*327 Before Judges LYNCH, MILMED and ANTELL.
Mr. William A. Bromley argued the cause for appellant (Messrs. Rose, Poley, Bromley & Landers, attorneys).
Mr. Gerald W. Kolba argued the cause for respondent.
PER CURIAM.
The trial court granted a judgment of divorce to plaintiff on the ground of defendant wife's adultery, and awarded custody of the children to defendant, with liberal visitation rights to plaintiff. Provisions were made for alimony, child support, equitable distribution and attorney's *328 fees. Plaintiff appeals from this judgment, contending: (1) the award of alimony in the amount of $300 a month was excessive; (2) the trial court erred in compelling plaintiff to provide Blue Cross-Blue Shield coverage for the two children; (3) the trial court erred in its distribution of the assets by awarding defendant the sum of $3,050 as alleged arrearages; (4) the court erred in ordering the sum of $10,000 to be held in trust on behalf of the children, and (5) the court erred in awarding a fee to defendant's attorney. We consider that there is no merit in any contention of plaintiff except with relation to (1) alimony and (3) the item of $3,050 concerning alleged arrearages. R. 2:11-3(e)(1)(E).
Defendant had committed adultery with one whom plaintiff considered his "best friend." Originally, defendant filed an answer denying the adultery but it was later withdrawn. Thus plaintiff's explicit proofs of the adultery were not contested.
"It is an almost universal rule that permanent alimony will be denied to a wife who is guilty of adultery." 24 Am. Jur.2d, Divorce and Separation § 622 at 744; Annotation, "Allowance of permanent alimony to wife against whom divorce is granted," 34 A.L.R.2d 313 (1954). Indeed, our Supreme Court has said that a court is "without jurisdiction to award maintenance to a wife who has been adjudged guilty of a marital offense by a court of competent jurisdiction. Maintenance is based upon the duty of support arising out of a subsisting marriage. O'Loughlin v. O'Loughlin, 12 N.J. 222, 231 (1953)." Nappe v. Nappe, 20 N.J. 337, 348 (1956).
However, defendant contends that, since the Divorce Act of 1971, N.J.S.A. 2A:34-23, fault has been excluded as a consideration with respect to alimony, citing Greenberg v. Greenberg, 126 N.J. Super. 96 (App. Div. 1973), and Altbrandt v. Altbrandt, 129 N.J. Super. 235 (Ch. Div. 1974).
It is true that in Greenberg the court held that a husband who had committed a matrimonial offense cannot *329 be punished by being compelled to pay alimony in excess of that which might be supported by long-established and traditional bases for such grants, i.e., such amount that is "fit, reasonable and just." 126 N.J. Super. at 99. But that exclusion of "fault" on the part of the husband who is to pay alimony does not, in any sense, affect consideration of fault on the part of the wife on the question of alimony.
In Altbrandt v. Altbrandt, supra, there was no issue as to alimony, so that the statement with respect to that subject was dictum. In any event, the support given for the statement was Greenberg v. Greenberg, supra, which we have already distinguished.
It is true that, with respect to equitable distribution, fault is irrelevant. Chalmers v. Chalmers, 65 N.J. 186, 193 (1974). However, in the Final Report of the Divorce Law Study Commission preparatory to adoption of the Divorce Act of 1971 it was said (at 7) that "fault, where so asserted as a ground for relief, will be a proper consideration for the judiciary in dealing with alimony and support." This statement by the Commission was adopted with approval in Chalmers, 65 N.J. at 194, n. 4. Accordingly under the facts of this case and considering the equities involved herein we reverse the provision of the judgment granting alimony to the wife.
With respect to the $3,050 in "arrearages" which the trial court awarded to defendant, prescinding from the question as to whether such sums constituted alimony, to which we have said above defendant was not entitled by reason of her adultery, the testimony is clear that, when the parties attempted a reconciliation, plaintiff had paid defendant the "arrearages" and defendant agreed that the money so paid to her was to be paid in satisfaction of joint obligations which they owed to creditors. Thus, factually, there were no arrearages and the trial court erred in awarding the $3,050 to defendant.
*330 Accordingly, the judgment of the trial court, insofar as it (a) awarded alimony to defendant and (b) awarded to defendant the sum of $3,050 as "arrearages," is reversed. In all other respects the judgment is affirmed.
However, because the trial court may have considered the $300 monthly payment as alimony in fixing the $400 monthly for the support of the children of the marriage, the matter is remanded to the trial court for fixing of reasonable support for the children.
We do not retain jurisdiction.