148 N.J. Super. 448 (1977)
372 A.2d 1139
MURIEL NOCHENSON, PLAINTIFF-APPELLANT,
v.
ALVIN NOCHENSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1977.
Decided April 5, 1977.
Before Judges LYNCH, MILMED and ANTELL.
Mr. Francis W. Donahue argued the cause for appellant (Messrs. Skoloff & Wolfe, attorneys).
Mr. Cyrus J. Bloom argued the cause for respondent.
*449 PER CURIAM.
On April 16, 1975 a pendente lite consent order was entered herein which provided, among other things, for support payments by defendant to plaintiff. By letter opinion dated December 9, 1976 the trial judge determined to award defendant a judgment of divorce on his counterclaim based upon plaintiff's extreme cruelty and adultery.
Following the publication of Mahne v. Mahne, decided by this court January 28, 1977, 147 N.J. Super. 326, defendant moved "for an Order vacating so much of the Order entered herein on April 16, 1975 as provides for support or maintenance pendente lite for plaintiff's benefit." That motion was granted and an order to that effect was signed March 10, 1977. Notice of appeal from "the letter opinion of the Superior Court, Chancery Division" and the order of March 10, 1977 was filed March 10, 1977 by the plaintiff.[1] On this application plaintiff seeks a stay of the order of March 10, 1977. The motion is granted.
In modifying the order of April 16, 1975 the trial judge concluded that Mahne v. Mahne, supra, held that in no instance may alimony be awarded to a wife found guilty of adultery. While dicta in Mahne might be so construed, the court cited "The Final Report of the Divorce Law Study Commission," prior to adoption of the Divorce Act of 1971 to the effect that "fault, where so asserted as a ground for relief, will be a proper consideration for the judiciary in dealing with alimony and support," and we noted that the Statement by the Commission was adopted with approval in Chalmers v. Chalmers, 65 N.J. 186, 194, n. 4 (1974) (Emphasis supplied).
Thus, the holding in Mahne went no further than accepting fault as a "consideration" or factor in determining the grant or denial of alimony. In applying that rule to the facts and circumstances in Mahne we held that no alimony *450 should have been awarded to the wife. We refrained from spelling out the lurid details of the adultery committed while the husband and wife were living together because we did not consider such exposition as within the bounds of propriety. Nor did we recount the contents of certain tapes of conversations between the wife and the paramour wherein the wife disdained the gifts, such as furs, which the husband had bestowed on her. We need say no more except that we concluded that the equities in Mahne precluded the award of alimony to the former wife.
Accordingly, the order of the trial judge filed March 10, 1977 is stayed. The matter is remanded to the trial court for a plenary hearing and making of findings of fact and conclusions of law on all issues, including all factors to be considered on the issue of alimony, in accordance with N.J.S.A. 2A:34-23, as well as other equitable considerations that may be appropriate. Said findings and conclusions are to be filed with the clerk of this court on or before May 2, 1977. We note that the finding in the trial judge's letter opinion that he was in "agreement with the defendant's summation of the evidence submitted at the trial" is not an adequate finding of fact. Cf. Van Realty, Inc. v. Passaic, 117 N.J. Super. 425, 429 (App. Div. 1971); Benjamin Moore & Co. v. Newark, 133 N.J. Super. 427 (App. Div. 1975); Piscataway Assoc., Inc. v. Piscataway Tp., 139 N.J. Super. 276 (App. Div. 1976).
We retain jurisdiction.
NOTES
[1] Since the order below was interlocutory there should have been a motion for leave to appeal. We consider it to have been made and it is granted.