150 N.J. Super. 194 (1977)
375 A.2d 290
JOSEPH SMITH, PLAINTIFF,
v.
ANTOINETTE SNOW SMITH, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 24, 1977.
*195 Mr. Kenneth E. Calloway for plaintiff (Messrs. Perskie and Callinan, attorneys).
Mr. Michael L. Testa for defendant (Messrs. Testa & Testa, attorneys).
KLEINER, J.C.C., Temporarily Assigned.
The case at bar raises a question of law yet undecided by our courts, to wit: What effect, if any, does an allegation of adultery committed by the wife have upon a wife's application for alimony pendente lite?
Plaintiff Joseph Smith filed a complaint for divorce alleging that defendant committed adultery with her first husband, William Snow, who is named as corespondent.
Defendant has counterclaimed, seeking relief in two counts: count one, asserts a cause of action for annulment pursuant to N.J.S.A. 2A:34-1(a) which states, "Judgment of nullity of marriage may be rendered in all cases when: (a) Either of the parties has another wife or husband living at the time of a second or other marriage." Defendant-counterclaimant alleges that her prior divorce decree, obtained in Alabama by her first husband, was fraudulent since it was never filed or judicially granted by the Alabama courts, thus rendering her marriage to plaintiff herein void ab initio. Count two asserts a cause of action for divorce on the ground of extreme cruelty. In both counts defendant seeks an award of alimony pursuant to N.J.S.A. 2A:34-23.
After issue was joined defendant on motion sought the entry of an order for alimony pendente lite, having procedurally complied with the standards enunciated in Shindel v. Shindel, 77 N.J. Super. 345 (App. Div. 1962).
N.J.S.A. 2A:34-23 permits an award of alimony, both pendente lite and upon the entry of a final judgment, in both divorce and nullity actions. Statutorily, an award of alimony, both pendente lite and upon final judgment, is predicated upon the "actual need and ability to pay of the parties and the duration of the marriage."
*196 The standards for an alimony award were further judicially delineated in Greenberg v. Greenberg, 126 N.J. Super. 96 (App. Div. 1973), wherein the court stated:
The long-standing tests for the amount of equitable support and maintenance have not in our view been altered in any wise by the statutory amendment. They continue to encompass: (1) the actual needs of the wife; (2) the husband's actual means and his ability to pay support; (3) the physical condition of the parties; (4) their social position; (5) the separate property and income of the wife, and (6) any other factors which bear upon the question of fair and reasonable support. [at 100]
Predicated upon these standards, this court entered an order requiring plaintiff to pay $50 a week as alimony pendente lite. Plaintiff seeks to vacate this order, relying upon the decision in Mahne v. Mahne, 147 N.J. Super. 326 (App. Div. 1977), wherein the court rejected an award of alimony to an adulteress wife in a divorce proceeding. Plaintiff's reliance upon Mahne, however, is misguided for two reasons:
(1) Subsequent to that decision the same Appellate Division Part that decided Mahne, supra., modified that decision in Nochenson v. Nochenson, 148 N.J. Super. 448 (App. Div. 1977), by stating that "the holding in Mahne went no further than accepting fault as a `consideration' a factor in determining the grant or denial of alimony." Thus, the Nochenson decision expands the criteria for an alimony award as defined by the court in Greenberg, supra. Implicit in both Mahne and Nochenson is the necessity that the fault allegation be proven by competent evidence, and thus the fault factor may only be considered in an application for alimony upon the final judgment of divorce.
(2) Until the plaintiff establishes by competent evidence his cause of action for divorce, his allegation of adultery is merely that, an unsubstantiated allegation, and thus defendant's alleged fault may not defeat the application for alimony pendente lite.
*197 Additionally, plaintiff seeks to vacate the prior order of this court, advancing the argument that the decision in Richards v. Richards, 139 N.J. Super. 207 (Ch. Div. 1976), is not binding upon this court.
Although Richards is, in fact, not binding upon another trial court of equal jurisdiction, Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519, 523 (Law Div. 1962); Lackovic v. New England Paper Tube Co., Inc., 127 N.J. Super. 394, 398 (Law Div. 1974), a fair interpretation of Richards clearly reveals that that opinion is inapposite to the present case. In Richards the wife, who had received alimony from her first husband, sought a reinstatement of the alimony award upon the annulment of her second marriage, which annulment was granted due to her second husband's prior undissolved marriage. Her application was denied upon the theory of the right of the first husband to rely upon the validity of his former wife's remarriage and the statutory right of the wife to seek alimony in annulment proceedings, pursuant to N.J.S.A. 2A:34-23.
In the case at bar, however, if defendant prevails upon her counterclaim for an annulment, her second marriage will be void ab initio and the legal efficacy of her first marriage will be re-established. Thus, she will be entitled to seek support from her first husband. Obviously in such a case, an award of alimony which is discretionary, from the plaintiff herein, would and should be precluded.
As stated in Greenberg, supra 126 N.J. Super. at 100, "Alimony is simply a continuation of a husband's duty to support his wife and grows out of the marital relationship." Similarly, alimony pendente lite is an obligation which may be imposed upon a husband during the litigation process. Therefore, the order of this court establishing alimony pendente lite of $50 a week will not be vacated.