160 N.J. Super. 160 (1978)
388 A.2d 1338
JOHN GUGLIOTTA, PLAINTIFF,
v.
JOSEPHINE GUGLIOTTA, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided March 9, 1978.
*161 Mr. Joseph R. Postizzi, attorney for plaintiff.
Mr. Victor A. Padlo, attorney for defendant.
DREIER, J.C.C. (temporarily assigned).
On January 17, 1978 plaintiff obtained a divorce from his wife on the ground of adultery. The trial consisted of the parties' testimony concerning the marital cause of action and stipulated testimony concerning the economic matters. The parties settled all issues involving division of their real and personal property, but this court ordered an alimony payment of $70 a week based upon factors hereinafter described. This supplemental opinion is being rendered pursuant to R. 2:5-1(b), a notice of appeal having been received by the court February 24, 1978.
The principal issue in this case is the entitlement of defendant to alimony notwithstanding her adulterous relationship with her former employer. The parties had been married for 23 years and had produced two emancipated children. Since the parties' separation, defendant has earned approximately $10,000 a year[1]; plaintiff's income is *162 in excess of $24,000 a year. The wife worked mostly part-time in the last several years of the marriage, ostensibly to help with the children's education. During this period the adulterous relationship with her employer commenced, and then terminated. After the affair became known to the husband there were at least three bona fide attempts at reconciliation[2], after the wife admitted the relationship and its circumstances in a letter requested by the husband and admitted into evidence at the trial.[3]
This is not a case where the wife moved out to live with another man, or where she was supported by or was supporting a paramour, or where the husband was publicly debased or degraded. Under these circumstances this court determined that the many years of the marriage relationship and the parties' emotional investment in the marriage far outweighed the effect of the adultery insofar as it related to the wife's entitlement to alimony.
This court must analyze and appraise Lynn v. Lynn, 153 N.J. Super. 377 (Ch. Div. 1977), against the standards set down in the Appellate Division opinions in Mahne v. *163 Mahne, 147 N.J. Super. 326 (App. Div. 1977), certif. den. 75 N.J. 22 (1977), and Nochenson v. Nochenson, 148 N.J. Super. 448 (App. Div. 1977), as well as the alimony provisions of the Divorce Act, N.J.S.A. 2A:34-23. In Lynn the court denied alimony in a case where a wife's post-separation adultery commenced months after her husband deserted her. Although this court agrees with the Lynn court's resolution of the child support and equitable division issues, the decision concerning the alimony issue raises serious questions.
The court in Lynn noted that adultery is a crime, and the guilty party should not be permitted to "profit from the commission of a crime." 153 N.J. Super. at 383. Although N.J.S.A. 2A:88-1 does make adultery a crime, insofar as the commission of the crime relates to the marital cause of action, the criminal status of the act is immaterial to this court The crime is not the source of any "profit" to either party. The question really is whether, under the circumstances of each case, the adultery should work a forfeiture of a vested right to alimony, recognizing that "forfeitures are not favored either at law or in equity as they imply the taking away from one of an existing right." De Feo v. Smith, 17 N.J. 183, 187 (1955). If the wife had been guilty of robbery or even murder, she would not for that reason give up her right to alimony in the event of a divorce. The fact that adultery is a crime, apart from the matrimonial aspects of the event, should not in itself bar her entitlement to alimony. The matrimonial application of the adultery is that the court may consider the actions as "fault" under the provisions of N.J.S.A. 2A:34-24, discussed infra, but we are told that we may not punish the alimony-paying husband for his adultery (also a "crime"). Greenberg v. Greenberg, 126 N.J. Super. 96 (App. Div. 1973)[4].
*164 In addition, in Lynn the court noted that there are primarily two reasons for the granting of alimony. First, to permit a wife to share in the accumulation of the marital assets and second, to prevent her from becoming a public charge. 153 N.J. Super. at 382. Although these may be some reasons for the award of alimony, a paramount reason exists, viz., to permit a wife to share in the economic rewards occasioned by her husband's income level (as opposed merely to the assets accumulated), reached as a result of their combined labors, inside and outside the home. In the case at bar the husband, an engineer for the 23 years of the marriage, gradually earned more and accustomed the family to a standard of living suitable to his income, while the wife kept the home and raised the children. Each worked in his and her own way, although only the husband's efforts produced outside income, until the last years of the marriage. The capital assets accumulated during this marriage and divided under the principle of equitable division may have been relatively small, but the parties' standard of living was also as much a part of her efforts as his, and alimony is the vehicle by which the wife is permitted to share in this standard of living after the divorce.
In the case of Mahne v. Mahne, supra, the facts of the case and the flagrant adultery on the part of the wife justified the Appellate Division's reversal of the trial court's grant of alimony. See the explanation in Nochenson v. Nochenson, supra, 148 N.J. Super. at 449-450. In Mahne the court did state that
*165 "It is an almost universal rule that permanent alimony will be denied to a wife who is guilty of adultery." 24 Am. Jur.2d, Divorce and Separation § 622 at 744; Annotation, "Allowance of permanent alimony to wife against whom divorce is granted," 34 A.L.R.2d 313 (1954). Indeed, our Supreme Court has said that a court is "without jurisdiction to award maintenance to a wife who has been adjudged guilty of a marital offense by a court of competent jurisdiction. Maintenance is based upon the duty of support arising out of a subsisting marriage. O'Loughlin v. O'Loughlin, 12 N.J. 222, 231 (1953)." Nappe v. Nappe, 20 N.J. 337, 348 (1956). [147 N.J. Super. at 328]
But the Mahne court also explained, and the Nochenson court reiterated and emphasized, that the Study Commission Report accompanying the Divorce Act of 1977 stated that "`fault where so asserted as a ground for relief, will be a proper consideration for the judiciary in dealing with alimony and support.'" The more restrictive language of Mahne was further explained in Nochenson, stating that "Mahne went no further than accepting fault as a `consideration' or factor in determining the grant or denial of alimony." 148 N.J. Super at 449. In fact, the alimony section of the Divorce Act itself recognizes that
* * * In all actions for divorce other than those where judgment is granted solely on the ground of separation the court may consider also the proofs made in establishing such ground in determining an amount of alimony or maintenance that is fit, reasonable and just * * * [N.J.S.A. 2A:34-23, ¶ 2; emphasis supplied]
There is no statutory bar to alimony, and the cases cited in the Mahne quote all predated the 1971 Divorce Act.
This court thus determined that it had the power to award alimony, notwithstanding the wife's adultery. Although the circumstances of the adultery in this case could well be considered of even greater import than those in Lynn v. Lynn, supra, it should be clear that, on this record, this court has considered the adultery but rejected it as a bar to alimony. If there had been presented a more flagrant or outrageous course of conduct such as those noted earlier, *166 there may have been a sufficient basis to justify a reduction of or bar to alimony. The facts of the case at bar, however, did not rise to such a level.
Based upon the above and the economic proofs stipulated at trial, this court determined that defendant was entitled to $70 a week alimony.
This opinion shall be considered supplemental to the remarks the court made at the time of trial.
NOTES
[1] Although the wife has obtained this employment, there is a question whether she would have been required by the court to work full-time after the divorce. Khalaf v. Khalaf, 58 N.J. 63, 69-70 (1971). The amount of alimony ($70 a week) was arrived at after a consideration of the net after-tax income available from all sources, including the children. This alimony was, of course, fully deductable by plaintiff and taxable to defendant.
[2] Plaintiff's affidavit notes that defendant "moved out of the marital domicile on three successive occasions and returned back each time; i.e., August 1975, through May 1976; June, 1976 through July, 1976; and again on January 20, 1977. The defendant has not returned from the last absence * * *." The plaintiff testified that there was little affection or emotion shown after the resumption of cohabitation. The marriage disintegrated for many reasons, the after-effect of the adultery clearly being one. The complaint was filed March 11, 1975, but the extended period of time under these facts did not dissapate the effect of the adultery as a viable claim. In any event, laches was not raised as a defense.
[3] The seven-page letter recounts the dates of the affair as December 1972 to March 1973. It states that she then feared her former paramour, and loved her husband and children.
[4] The alleged gender-based discrimination of barring alimony to an adulterous wife under Mahne (or Lynn) but prohibiting punishment to an adulterous husband based upon the same conduct under Greenberg, was raised and argued in Nochenson. The court, however, did not reach this issue, nor need this court upon the facts here present. Suffice it to say that the rule is equally applicable to an alimony-paying wife. The fact that social realities demonstrate that such instances are rare, does not require a court to find a gender-based discrimination. The rule is sexually neutral. Cf. Ballou v. Dept. of Civil Service, 75 N.J. 365, 371-372 (1978).