164 N.J. Super. 139 (1978)
395 A.2d 901
JOHN GUGLIOTTA, PLAINTIFF-APPELLANT,
v.
JOSEPHINE GUGLIOTTA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1978.
Decided November 27, 1978.
*140 Before Judges HALPERN and ARD.
Joseph R. Postizzi argued the cause for the appellant.
Victor A. Padlo argued the cause for the respondent.
PER CURIAM.
Plaintiff was granted a divorce based on defendant's adultery. The issue of equitable distribution was agreed upon and is not before us. The trial court awarded defendant $70 a week alimony. On this appeal plaintiff urges that the trial judge erred in awarding alimony to an adulteress and, in the alternative, that the award was excessive and manifestly unreasonable.
We disagree. In Nochenson v. Nochenson, 148 N.J. Super. 448, 449-450 (App. Div. 1977), we stated that "fault" would be a factor to be considered with all other factors on the issue of alimony. In so doing, we distinguished Mahne v. Mahne, 147 N.J. Super. 326 (App. Div. 1977). The trial court below recognized these principles and applied them correctly. After evaluating the illicit affair and considering it in the context of the marriage and attempted reconciliations, the court concluded:
This is not a case where the wife moved out to live with another man, or where she was supported by or was supporting a paramour or where the husband was publicly debased or degraded. Under these circumstances, this court determined that the many years of the marriage relationship and the parties emotional investment in the marriage far outweighed the effect of the adultery insofar as it related to the wife's entitlement to alimony.
The trial court considered all pertinent factors and, in the circumstances of this case, rejected the adultery as a bar to alimony. We concur in his conclusion.
*141 Furthermore, we find no abuse of discretion in his determination concerning the amount of the alimony award. We are entirely satisfied that the determination could reasonably have been reached on sufficient credible evidence present in the record after consideration of the proofs as a whole. State v. Johnson, 42 N.J. 146, 162 (1964). It must be kept in mind that when dealing with the trial judge's determination of alimony our Supreme Court stated in Martindell v. Martindell, 21 N.J. 341 (1956):
Every application for alimony * * * rests upon its own particular footing and the appellate court must give due recognition to the wide discretion which our law rightly affords to the trial judges who deal with these matters. * * * [at 355]
In the case at bar the trial judge considered the age of the parties, the length of the marriage, the respective incomes of the parties, their standard of living and the adultery of the wife. In so doing, he recognized that two of the most important factors to be considered in awarding alimony are the earning capacity of the parties and the length of the marriage. Capodanno v. Capodanno, 58 N.J. 113, 118-120 (1971); Khalaf v. Khalaf, 58 N.J. 63, 69-70 (1971).
Affirmed.