ALFRED H. JOHNSON, petitioner,

v.

MARTHA A. JOHNSON, respondent, cross-petitioner.

[Submitted February 17th, 1928.    Decided May 14th, 1928.]

The facts as found in this case held to justify the refusal of a divorce to the husband on the ground of desertion, and the granting of a divorce to the wife on the ground of adultery.

On cross appeals from a decree advised by Vice-Chancellor Ingersoll.

*Mr. William Charlton,* for the petitioner.

*Messrs. Cole & Cole,* for the respondent, cross-petitioner.

The opinion of the court was delivered by

PARKER, J.

The petition charged desertion, beginning in October, 1921. At the hearing the evidence for petitioner tended to show that the desertion consisted of the wife's refusal of sexual intercourse. The wife admitted such refusal from October, 1921, onward, and undertook to justify it on the ground that she had discovered her husband had been and was committing adultery with a Mrs. Tomlinson; that she charged him with it and he at first denied but later admitted it, whereupon she refused him his marital rights until he reformed, which he never did. Several letters in his handwriting were produced and put in evidence, and Mrs. Tomlinson's husband testified that he had found them in her bureau drawer after she had left him to keep rooming apartments over the garage operated by the petitioner. All are affec-

tionate, and one decidedly incriminating.    Another letter, marked "*D-6*" was intercepted by respondent on September 6th, 1921, while her husband was in the act of writing it. It appears by the testimony of both the parties that there was a struggle for the possession of this letter, the wife got part of it and he put the other part into a waste basket, from which she retrieved it later.    For some reason this letter is not printed in the case, but enough of it is quoted in the cross-examination of the petitioner, who admitted it was intended for Mrs. Tomlinson, to show that it was couched in most affectionate terms.

The parties continued to live together in the same house, occupying separate rooms, until a few months before the filing of the petition, so that the claim of desertion necessarily rests wholly on a refusal of marital rights.    Similarly, the denial of a desertion rests on the proposition, not that those privileges were not refused, but that they were justifiably refused.

This was the issue tried out at a hotly contested hearing on the petition and answer.    The vice-chancellor considered that desertion had been satisfactorily proved, but we do not agree with him.    There can be no doubt of the refusal of marital intercourse, that she admitted; but for this to constitute desertion, we conceive that such refusal must have been without justifiable cause, and while the burden of showing the existence of justifiable cause no doubt rested on the wife, we consider that it was adequately borne; in other words, that there was satisfactory proof of the husband's adultery within the period of alleged desertion and before it began. His admitted intimacy with Mrs. Tomlinson, his love letters to her, her desertion of her husband to take up her residence close to the petitioner, furnish satisfactory corroboration of the wife's story that her husband admitted his guilt, as early as 1921.    The allegations of the petition were therefore not supported by proof.

The vice-chancellor dismissed the petition, but as we view the matter, on a wrong ground; such dismissal was proper and will be affirmed, but on the ground of proven adultery before the filing of the petition and contemporaneously with the alleged desertion.

The wife filed a cross petition for divorce on the ground of adultery committed subsequent to the filing of the petition. The vice-chancellor found that the allegations of the cross petition had been sustained, and in that finding we concur. He refused the wife a divorce, however, because of having held her guilty of desertion. We consider, as already stated, that she was not guilty of desertion, and as a result she is entitled to a divorce on the ground of adultery by petitioner subsequent to the filing of the petition.

On the appeal of the husband the decree is affirmed; on that of the wife, the decree dismissing her cross petition is reversed with directions to award her a decree of divorce.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.