117 N.J. Super. 474 (1971)
285 A.2d 77
DOROTHY MAE BETH CHALMERS, PLAINTIFF,
v.
GEORGE M. CHALMERS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 17, 1971.
*476 Mr. Joseph T. Daly for plaintiff (Messrs. Judge, Sheeran, Mascia & Dowd, attorneys).
Mr. Francis F. Welsh for defendant (Messrs. DeStefano & Welsh, attorneys).
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff proves a case on her amended complaint in separation and defendant on his counterclaim in adultery. Defendant separated himself from plaintiff on her admission of an adulterous pregnancy.
This court has the power, where both parties make out a cause of action, to grant a decree to each N.J.S.A. 2A:34-7. Should it exercise that power on these facts? The statute is mute in this regard.
The statute (N.J.S.A. 2A:34-23) does, however, in another regard (alimony) provide that, except where judgment of divorce is granted solely on the ground of separation, the court may consider the proofs of marital fault of either party in determining an amount of alimony or maintenance that is fit, reasonable, and just. The analogy is only helpful. Which ground of those presented here should invoke the exercise of judicial discretion?
Of the grounds established in this case, adultery is the more heinous because it is abhorrent to religious beliefs, abhorrent in our literature (a history of the aeons of time and custom), and abhorrent in its very connotation  adulteration of the issue. Old Testament (King James Version), Exodus XX, 13 and 17; New Testament, Matthew V, 28; Shakespeare, King Lear, Act III, scene 6, line 18; Hawthorne, The Scarlet Letter. Moreover, it is unbelievable that the Legislature intended to penalize the fault-free *477 marriage partner and to reward the offending one. Additionally, the ground of adultery had accrued long prior to that of separation.
There will be judgment of divorce to counterclaim on this phase of the case.
Plaintiff also seeks an award so as to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or by defendant during the marriage. N.J.S.A. 2A:34-23. Defendant argues, technically, that the statute is unconstitutional, and substantively that the pertinent portion having to do with equitable distribution of property acquired during this marriage is unconstitutional.
The former argument is predicated on N.J. Const. (1947), Art. IV, § VII, par. 4 ("* * * every law shall embrace but one object, and that shall be expressed in the title * * *"). Defendant argues that Ch. 212, L. 1971, c. 212, is entitled, "An act concerning actions for divorce and nullity of marriage, alimony, maintenance and custody of children," and that nowhere does the title encompass remedial action in other areas of the law.
Substantively, defendant argues that while courts have the power to make their judgments prospective or retrospective in nature, citing Darrow v. Hanover Tp., 58 N.J. 410, 413 (1971); Fox v. Snow, 6 N.J. 12 (1950), the Legislature has no such power but, to the contrary, statutes must be deemed operative in futuro only, citing Penn. Greyhound Lines v. Rosenthal, 14 N.J. 372, 381 (1954); and further that statutes relating to substantive rights are construed to operate only prospectively, citing Neel v. Ball, 6 N.J. 546, 551 (1941); Nichols v. Board of Education of Jersey City, 9 N.J. 241, 248 (1952); Crucible Steel, etc. v. Polack Tyre & Rubber Co., 92 N.J.L. 221, 231 (E. & A. 1918); La Parre v. Y.M.C.A., 30 N.J. 225, 229 (1959), and that the provision of the statute in contest (N.J.S.A. 2A:34-23) is violative of the 14th Amendment of the United States Constitution and of Art. I, par. 1, of our *478 State Constitution in that it seeks social reform at the unconstitutional cost of due process.
Trial courts generally should not rule on the constitutionality of statutes.
The better practice is for the inferior court to assume that an act is constitutional until it has been passed upon by the appellate court, unless it is so clearly in contravention of the Constitution that there can be no reasonable doubt about it. [In re Woodland Avenue Drain, East Orange, 39 N.J.L.J. 362, quoted in Legg v. Passaic County, 122 N.J.L. 100 (Sup. Ct. 1939)]
The best interests of the State and its citizens would demand that appellate courts rule on the constitutionality of statutes. There, there is a greater opportunity for argument, briefs and reflection than exists at the trial bench.
I will not rule on the constitutionality of the statute before me or any portion of it. I assume that the statute in its entirety, the fruit of the labor of a study commission (Ch. 57, L. 1967, c. 57; Final Report of May 11, 1970) and of the wisdom of our Legislature, is constitutional.
N.J.S.A. 2A:34-23, in its pertinent section, is permissive. The total assets acquired during the marriage, and solely by defendant, are approximately $60,000. Of these plaintiff has $5,000. The realty was acquired by defendant, with title in him, after her confession of the extra-marital pregnancy, and there he housed plaintiff and the two children. Securities comprise $30,000.
In Minnesota, which has a property division statute not dissimilar to ours, it has been held that the delinquency of the wife is "one of the elements to be considered in determining the division of property and the amount of alimony to which she is entitled." Borchert v. Borchert, 279 Minn. 16, 154 N.W.2d 902 (Sup. Ct. 1967).
I will not award plaintiff any distribution of assets acquired by defendant after April 30, 1966, the approximate date of adultery. Of the assets acquired to that date and available for distribution, I will award 20% to plaintiff. *479 No alimony has been sought; none is awarded. Support of the one child of the marriage is voluntary and generous.
Such an award being discretionary is necessarily arbitrary. However, I have taken into account that the marriage was in 1957; that the adultery occurred in 1966, the child thereof being born in early 1967; that defendant separated himself thereafter, as he had a legal right to do, Johnson v. Johnson, 102 N.J. Eq. 550 (E. & A. 1928); that the judgment of divorce defeated any claim to dower, Lavino v. Lavino, 23 N.J. 635 (1957), and that apart from the confession, blood tests excluded defendant from paternity.