DOROTHY MAE BETH CHALMERS, PLAINTIFF-APPEL-
LANT, v. GEORGE M. CHALMERS, DEFENDANT-RE-
SPONDENT AND CROSS-APPELLANT.

Argued January 7, 1974—Decided June 5, 1974.

*Mr. Chester K. Ligham* argued the cause for plaintiff (*Messrs. Bell, Adubato & Ligham,* attorneys).

*Mr. Francis F. Welsh* argued the cause for defendant (*Messrs. DeStefano and Welsh,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. This is an appeal and cross-appeal in a divorce case. We granted certification while the appeal was pending unheard in the Appellate Division, primarily to consider defendant-cross-appellant's challenge to the constitutionality of the equitable distribution of property provisions of the amended Divorce Act, *L.* 1971, *c.* 212, *N. J. S. A.* 2A:34–1 *et seq.*

In July 1970 plaintiff, Dorothy Mae Beth Chalmers, filed a suit against her husband George M. Chalmers for a divorce on the ground of desertion. The husband answered and counterclaimed on April 29, 1971 charging adultery and seeking a divorce on that ground. The matter was awaiting trial when the amended Divorce Act, *supra,* became effective on September 13, 1971. Plaintiff then amended her complaint to seek a "no fault" divorce under the new statute based on 18 months separation of the parties with no reasonable prospect of reconciliation. See *N. J. S. A.* 2A:34–2(d).

At the trial of the matter on November 15, 1971, plaintiff, after testifying to a separation of the parties for the statutory period with no reasonable prospect of reconciliation, admitted that while married to defendant she had had an adulterous relationship with a third party. She testified

that when she told defendant that she was pregnant by another man, defendant moved out of the house. Her attorney stated to the court that plaintiff was not looking for alimony, but did want support for the one child of the marriage and "a division of assets."

The trial court, in an opinion reported at 117 *N. J. Super*. 474 (1971), found that plaintiff had proved a case in separation, but the separation was the result of plaintiff's admittedly adulterous conduct. Consequently, the court dismissed plaintiff's amended complaint for divorce and awarded defendant a divorce on his counterclaim. In its opinion the court noted that "no alimony has been sought; none is awarded." 117 *N. J. Super*. at 479. The court awarded custody of the child (age eight) to plaintiff and ordered defendant to pay $40 per week for the child's support, to provide Blue Cross and Blue Shield coverage and be responsible for major medical and dental care.

The court also ordered that plaintiff be awarded 20% of defendant's assets, but excluded from the order for distribution assets acquired by defendant after April 30, 1966, the date of plaintiff's adulterous conduct. Counsel for plaintiff was awarded a fee of $2500 payable by defendant.

Plaintiff challenges the validity of the judgment of divorce entered on defendant's counterclaim. She had pleaded condonation as a defense to the charge of adultery. At trial both she and her husband testified that they had had sexual relations with each other on a single occasion in 1968 following the adultery. The trial court in its opinion made no reference to the alleged condonation.[1]

This matter was tried in November 1971 after the effective date of the amended Divorce Act which "hereby" abolished the defense of condonation. *N. J. S. A*. 2A:34–7. The fact that the act of alleged condonation antedated the new statute did not give plaintiff a vested right in such de-

---

[1]The undisputed facts and circumstances surrounding this single occasion would not appear to amount to legal condonation.

fense. Divorce exists by virtue of statute. The Legislature has full power to modify, or change the requirements for divorce, and create or abolish defenses thereto. The law in effect at the time the action was tried controls. To the extent that *Huntley v. Huntley,* 121 *N. J. Super.* 328 (Ch. Div. 1972) is to the contrary of our holding herein, it is overruled.

Plaintiff argues that even if defendant was entitled to a divorce on his counterclaim, she was entitled to a "no fault" divorce on her complaint since she proved a separation for 18 consecutive months with no reasonable prospect of reconciliation.

*N. J. S. A.* 2A:34–7 provides that where both parties make out grounds for a divorce, "a decree may be granted to each." Here the trial court found that while plaintiff had proved a case of separation under the new statute, the separation was the result of plaintiff's admission of prior adulterous conduct. For this reason the trial court declined to exercise its statutory power to grant a divorce to each party.

We conclude that the statute vests the trial court with some discretion as to whether it should grant a decree to each where both parties make out grounds for a divorce. While adultery is not a legal defense to a suit for "no fault" divorce, in the facts and circumstances here presented, the grant of a divorce to the husband and the dismissal of plaintiff's amended complaint has not been shown to be improper.[1A]

Plaintiff next claims that she is in need of support for herself and should have been awarded alimony. She also complains that the $40 weekly support ordered for the child of the marriage is insufficient.

As noted above, at the hearing plaintiff's attorney stated that plaintiff was not seeking support for herself, but did want support for the child and a division of the marital

---

[1A]We limit our holding to the facts of this case.

assets. In its opinion the trial court noted that "no alimony has been sought; none is awarded." The record is clear that the trial court made no ruling as to alimony.

█ It may be that there was some misunderstanding at trial and that counsel's statement to the court was based on the assumption that there would be an equal division of the marital assets. If so, plaintiff would have the right to apply to the trial court for appropriate relief. Alimony is not a justiciable issue on the present record.

██ The provisions for the support of the eight year old child of the marriage have not been shown to be inadequate. Moreover, an order for support only operates *in praesenti* and is always subject to review on a showing of changed circumstances. *Lindquist v. Lindquist,* 130 *N. J. Eq.* 611, 613 (E. & A. 1942).

Plaintiff also charges that the trial court erred in allowing her only 20% of her husband's assets acquired during the marriage and in excluding from such computation any property acquired by defendant after April 30, 1966, the date of plaintiff's adulterous conduct. Plaintiff argues that whereas the statutory provision for alimony permits the court to consider the fault of a party in determining the amount to be awarded, the provision for equitable distribution of the marital assets does not, and fault should therefore play no part in making equitable distribution.

█ In *Painter v. Painter,* 65 *N. J.* 196, also decided by us this day, we have held that the span of time embraced by the equitable distribution of property provisions of the amended statute, *N. J. S. A.* 2A:34–23, extends from the marriage of the parties to the date the complaint for divorce is filed. In finding this to be the legislative intent we rejected as unworkable the concept that no property should be included that was acquired after it could be shown that there was an irretrievable breakdown of the marriage or after a cause of action for divorce had arisen.

█ For the reasons expressed in *Painter,* we conclude that in the instant case the trial court erred in excluding

from its order for equitable distribution property acquired by defendant after the date of plaintiff's admitted adultery.[2]

In awarding plaintiff 20% of the assets acquired by defendant prior to the date of the adultery, the trial court stated that the equitable distribution provisions of the statute were permissive and that it was taking into account the adultery of the plaintiff.

In *Painter* we suggested some of the criteria which may properly be taken into account in determining in a given case how the distribution may most fairly be made. Fault on the part of a spouse is not one of the criteria suggested. True, we recognized that the factors mentioned were intended to be illustrative and not exhaustive and that the trial judge must in each case regard all of the particular circumstances of the parties.

Should matrimonial fault[3] be one of the criteria or circumstances that may properly be taken into account? We conclude that the answer must be in the negative even though the statute speaks of "equitable distribution." Indeed, we are satisfied that the concept of "equitable distribution" requires that fault be excluded as a consideration.

First of all, fault may be merely a manifestation of a sick marriage. The spouse who by his or her actions gives cause or grounds for divorce may not be responsible for the breakdown of the marriage and may merely be reacting to a situation which is not of his or her making. Marriage is such an intricate relationship that often it is difficult, if not impossible, to ascertain upon whom the real responsibility for the marital breakup rests.

Our amended statute, although it mentions the grounds for a divorce (other than separation) as a consideration in

---

[2]Although not the case here, the property might be acquired by the offending spouse after giving cause for divorce.

[3]By matrimonial fault we mean cause or grounds for divorce.

determining an amount of alimony or maintenance,[4] does not provide that the court may consider the grounds for the divorce in effectuating an equitable distribution of property. It is to be noted that the Uniform Marriage and Divorce Act, Section 307, provides for the distribution of marital property "without regard to marital misconduct."

Second, the statutory provision for equitable distribution of property is merely the recognition that each spouse contributes something to the establishment of the marital estate[5] even though one or the other may actually acquire the particular property. Therefore, when the parties become divorced, each spouse should receive his or her fair share of what has been accumulated during the marriage. The concept of fault is not relevant to such distribution since all that is being effected is the allocation to each party of what really belongs to him or her.

Our conclusion is that plaintiff's adultery should not have been taken into account by the trial court when it made a division of the marital property.

Defendant, by his cross-appeal, challenges the constitutionality of the equitable distribution of property provision of *L.* 1971, *c.* 212, on the ground that the title of the act makes no mention that the act relates to rights in real and personal property. He argues that the inclusion of this subject matter in the statute violates the provision of our State Constitution, Art. IV, § 7, ¶ 4, that every law shall embrace but one object and that shall be expressed in the title.

---

[4] A discussion of the history and background of the amended Divorce Act, including this provision, is set forth in *Painter v. Painter*, *supra*, pp. 203–205. *The Final Report of the Divorce Law Study Commission*, referred to in *Painter*, states at p. 7 that "fault where so stated as a ground for relief, will be a proper consideration for the judiciary in dealing with alimony and support."

[5] By marital estate we mean property both real and personal which was legally and beneficially acquired by the husband and wife or either of them during the marriage.

In *Painter* this same contention was fully considered and rejected on the ground that the distribution and allocation of marital assets as between spouses was intimately related to the dissolution of a marriage. We therefore concluded that the statute in question actually embraced only one object which was adequately expressed in the title.

Defendant makes the additional constitutional argument that these same provisions, unless they be applied prospectively only, take away a spouse's vested property rights without due process of law and also deny equal protection of the laws in violation of Art. I, par. 1 of our State Constitution and the Fourteenth Amendment of the Federal Constitution.

In *Rothman v. Rothman*, 65 *N. J.* 219, also decided this day, we have fully considered these same arguments and have rejected them for reasons therein stated.

The cross-appeal also challenges as excessive the award of a $2500 counsel fee to the attorney for plaintiff, payable by defendant. Defendant's basic contention is that not only were much of the alleged services rendered by the wife's attorney unnecessary, but also that the husband should not have to pay for services rendered toward an equitable distribution of his property.

As heretofore noted, proceedings under the statute to secure the equitable distribution of marital assets are an integral part of the matrimonial action. Legal services rendered in connection with such distribution may be considered by the trial court and included in the counsel fees allowed under *R.* 4:42–9(a)(1).

As to the amount allowed, we have reviewed the entire record. Considering the complexity of the case, the issues involved, services rendered and defendant's financial ability, we conclude that the $2500 counsel fee allowed to plaintiff's attorney was proper in the circumstances.

That part of the judgment dismissing plaintiff's amended complaint, granting defendant a divorce on his counterclaim, awarding custody of the child to plaintiff, ordering defendant

to provide specified support for the child and allowing plaintiff's attorney a fee of $2500 is affirmed. That part of the judgment which purports to effectuate an equitable distribution of property is reversed and remanded for further proceeding in conformity with this opinion. No costs.

*For affirmance in part, reversal in part and remandment*—Chief Justice HUGHES, and Justices HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*Opposed*—None.