151 N.J. Super. 486 (1977)
376 A.2d 1350
JAMES R. ROSS, PLAINTIFF,
v.
ELIZABETH ROSS, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided July 12, 1977.
Mr. Richard Kesselman for plaintiff (Messrs. Kesselman & Kesselman, attorneys).
Mr. Sydney N. Lane for defendant.
GRIFFIN, J.S.C.
Should an asset acquired by one spouse prior to the filing of a complaint for divorce, but many *487 years after the separation, be subject to equitable distribution?
The parties were married in June 1951. They separated in early 1963. In 1970 the husband purchased a home. He alone contributed to its purchase and maintenance. A complaint for divorce based on 18 months' separation was filed in March 1975 and the divorce was granted in this case.
The statute covering equitable distribution provides in part:
[T]he court may make such award or awards to the parties * * * to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. [N.J.S.A. 2A:34-23]
The issue involved is the interpretation of the phrase "during the marriage." Three New Jersey Supreme Court cases have discussed this subject.
Painter v. Painter, 65 N.J. 196 (1974), rejects as impractical a literal interpretation which would carry the terminal point for acquisition down to the date of divorce. The case holds (at 218), "We think the better rule to be that for purposes of determining what property will be eligible for distribution the period of acquisition should be deemed to terminate the day the complaint is filed."
In the case of Chalmers v. Chalmers, 65 N.J. 186 (1974), the court mentioned its holding in Painter and went on to say (at 192), "In finding this to be the legislative intent we rejected as unworkable the concept that no property should be included that was acquired after it could be shown that there was an irretrievable breakdown of the marriage or after a cause of action for divorce had arisen."
Justice Mountain, in Smith v. Smith, 72 N.J. 350 (1977), modified the rule of Painter and Chalmers, where there was a separation agreement accompanied by an actual separation of the parties, holding:
The execution and delivery of such agreement, or its inclusion in a judgment, would appear to be incontrovertible evidence that the *488 marital enterprise is no longer viable. To regard the "duration of the marriage" for the purpose of equitable distribution as continuing beyond the date of such an agreement, accompanied by an actual physical separation of the parties, does not come within the spirit of our earlier decisions and is clearly irrational. [at 361]
Prior to the Smith decision the pragmatic rule of Painter and Chalmers was the subject of some criticism:
For purposes of equitable distribution the period of acquisition of assets eligible for distribution commences upon the date of the marriage and terminates on the day the Complaint for divorce is filed. The Supreme Court made a practical but simplistic rule in order to avoid litigation on the issue of when the marriage died. Such a simplistic determination was unnecessary, for the court has held that the trial courts are capable of determining what is equitable for the purpose of allocating assets. If a court can determine what is equitable, it certainly can determine the date on which the marriage died. [Skoloff, N.J. Family Law Practice, (3 ed. 1976), at 229-230]
While in some cases it may be difficult to determine the point at which a marriage is no longer viable, in many cases it is not. Certainly it is no longer viable seven years after the separation. The rule in Smith should not be limited to a separation coupled with an agreement, but should be reasonably interpreted so as to terminate the acquisition period at such time as the marriage is clearly at an end. See Ackerman and Skoloff, "Equitable Distribution Expanded," 100 N.J.L.J. 169, 183 (1977).
This interpretation is consistent with the language in Rothman v. Rothman, 65 N.J. 219, 229 (1974), which sets forth the purpose behind equitable distribution as being, in part, "that marriage is a shared enterprise, a joint undertaking, that in many ways it is akin to a partnership." When people are no longer partners, there is no partnership.
The home, acquired by the husband seven years after the parties separated, will not be considered an asset subject to equitable distribution.