**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3599-21

CHANDRA JATAMONI,

    Plaintiff-Respondent,

v.

KAVITHA DANDU,

    Defendant-Appellant.

_____

          Submitted April 9, 2024 – Decided April 18, 2024

          Before Judges Mayer and Enright.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1862-18.

          Kavitha Dandu, appellant pro se.

          Chandra Jatamoni, respondent pro se.

PER CURIAM

In this post-judgment matrimonial case, defendant Kavitha Dandu appeals from orders entered on June 28, and July 21, 2022 by Judge Gerald J. Council. Finding no merit in defendant's arguments, we affirm.

I.

Our prior unpublished opinion described in detail the parties' ongoing disputes over custody, parenting time, and child support issues regarding their now twelve-year-old daughter. Jatamoni v. Dandu, No. A-2707-20 (App. Div. Nov. 29, 2022) (slip op. at 2-11). Therefore, we need only summarize the facts relevant to this appeal.

Defendant and plaintiff Chandra Jatamoni divorced in December 2018, after entering into a property settlement agreement (PSA). Id. at 2. The PSA incorporated into their judgment of divorce stated, in part:

> 2.1  The parties shall have legal custody of the minor child born of the marriage.  [Defendant] shall have primary residential custody of the child. . . .  [Plaintiff] shall have parenting time every Friday at 6:00 p.m. to Sunday at 6:00 p.m. . . .
>
>     . . . .
>
> 2.3  The parties shall communicate with each other on a regular basis concerning the child's health, education[,] and welfare, and will share and make accessible to each other all school records, report cards, medical reports and . . . other documentation of like . . . character that may come into their possession. . . .

2

. . . .

> 2.8 Each party shall be entitled to two . . . weeks with the child, each summer. If the parties are to take the child out of the country, they shall provide the other party with all travel and contact information. . . . [Plaintiff] shall retain the child's passport . . . and [visa], but shall provide the [visa] and passport to [defendant] upon her showing of all necessary travel information . . . . Upon [defendant's] return to the United States with the child from any trip, she shall immediately return the passport . . . and [visa] to [plaintiff,] who shall continue to be responsible for maintaining same by [o]rder of the [c]ourt.
>
> [Id. at 2-3.]

Plaintiff became the child's parent of primary residence in January 2019. Id. at 4. Although defendant moved to regain primary residential custody of the child, Judge Council denied her request and ordered her to pay child support at the rate of ninety-three-dollars per week. Id. at 4-5. Defendant subsequently appealed from two post-judgment orders entered by Judge Council in April and May 2021. The orders addressed various issues, including custody, parenting time, and child support. We affirmed the orders in our November 2022 decision. Id. at 22.

On May 12, 2022, while defendant's prior appeal was pending, Judge Council entered an order permitting plaintiff to take the parties' daughter out-of-state for a vacation from June 30 to July 10, 2022. In June 2022, defendant

3

filed a motion seeking twenty-six requests for relief, including: modification of her child support obligation; permission to relocate with the parties' child to New York; sole custody of the child; and Judge Council's recusal.

On June 28, 2022, Judge Council entered an order denying defendant's motion. In a thoughtful written opinion accompanying the order, the judge explained defendant was not entitled to a reduction in her child support obligation because she "did not provide valid proofs demonstrating she [wa]s incapable of working[,] nor [did] she demonstrate[] an inability to pay" child support. The judge also cited defendant's failure to "include[] a case information statement [(CIS)]" with her application as another basis to deny her request to reduce her child support obligation.

Next, the judge explained why he denied defendant's request to modify the existing custody and parenting time arrangements. The judge found "plaintiff ha[d] full custody of [the parties' child] since 2019," "[d]efendant only recently began bi-weekly unsupervised [parenting time] with [the child] in May 2022," and the court could not conclude it was in the child's "best interest to have a modification in custody" or for the child "to be relocated to New York" where defendant lived.

A-3599-21

On July 19, 2022, after plaintiff took the parties' child on the vacation as permitted under the May 12 order, defendant filed an order to show cause, alleging the child was "removed/abducted . . . from the State of New Jersey" from June 25, 2022 to July 10, 2022 without her consent and "in violation of [her] parental rights." Defendant also asked for Judge Council's recusal in the case and reconsideration of the custody and child support provisions of the June 28 order.

On July 21, 2022, Judge Council entered an order denying the order to show cause, finding defendant failed to establish "any imminent risk of irreparable harm to . . . her or the child." Judge Council also stated, "an [o]rder to [s]how [c]ause . . . is not the proper way to either appeal previous decisions or to seek the disqualification of the presiding judge."

## II.

On appeal, defendant raises twelve arguments for our consideration, which we recite verbatim: (1) "[a]buse of discretion by [t]rial [c]ourt"; (2) "[t]he [c]ourt entertained unlawful act"; (3) "[Judge Council] is not enforcing the previous order when . . . defendant raises this concern"; (4) "[Judge Council] victimizes . . . defendant by granting contempt of the order"; (5) "[Judge Council] acted bias"; (6) "[Judge Council] ignored the best interests of the child

A-3599-21

with . . . defendant"; (7) "[r]equest that [Judge] . . . Council be disqualified"; (8) "[Judge Council] failed to abide by the principle of [n]atural [j]ustice[, because] . . . . while allowing unsupervised visitation with conditions, [he] failed to take note that . . . defendant was a responsible person who brought a child from India to the U.S.A."; (9) "[Judge Council] used his discretionary powers to favor [p]laintiff"; (10) "[Judge Council] made several observations against . . . [defendant] without any [s]tatement of [r]eason[s]"; (11) "[Judge Council] [n]eglect[ed] to perform [his] duties[,] amount[ing] to official [m]isconduct"; and (12) "[Judge Council] alter[ed] the meaning of . . . defendant's statement in court orders, further complicating the case."

These arguments lack merit.  R. 2:11-3(e)(1)(E).  Thus, we affirm the challenged orders substantially for the reasons set forth by Judge Council in his thoughtful written opinions.  We add the following brief comments.

Our review of a Family Part order is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding."  Id. at 413.  Therefore, "[w]e will reverse only if we find the trial [court] clearly abused [its] discretion."  Clark v. Clark, 429 N.J. Super. 61,

6

72 (App. Div. 2012). However, we review a Family Part judge's interpretation of the law de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

A custody or parenting time decision rests within the Family Part judge's sound discretion. Pascale v. Pascale, 140 N.J. 583, 611 (1995). In any custody or parenting time dispute, "it is well settled . . . the court's primary consideration is the best interests of the child[]." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (citation omitted). "Where there is already a judgment or an agreement affecting custody in place, it is presumed it 'embodies a best interests determination' and should be modified only where there is a 'showing [of] changed circumstances which would affect the welfare of the child[].'" A.J. v. R.J., 461 N.J. Super. 173, 182 (App. Div. 2019) (first alteration in original) (quoting Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993)).

Likewise, "[w]hether [a support] obligation should be modified . . . rests within a Family Part judge's sound discretion." Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) (citations omitted). Thus, a Family Part judge's decision regarding a support obligation should not be disturbed unless we "conclude that the trial court clearly abused its discretion, failed to consider all of the controlling legal principles, or . . . that the determination could not reasonably have been reached on sufficient credible evidence present in the record after

A-3599-21

considering the proofs as a whole." Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996).

Support orders are "subject to review and modification [up]on a showing of 'changed circumstances.'" Lepis v. Lepis, 83 N.J. 139, 146 (1980) (quoting Chalmers v. Chalmers, 65 N.J. 186, 192 (1974)). "When the movant is seeking modification of child support, the guiding principle is the 'best interests of the child[].'" Id. at 157 (quoting Hallberg v. Hallberg, 113 N.J. Super. 205, 209 (App. Div. 1971)).

A movant seeking to modify a support obligation bears the burden of proof that a modification is warranted. Ibid. Importantly, the moving party must demonstrate a permanent change in circumstances from those existing when the prior support award was fixed. Donnelly v. Donnelly, 405 N.J. Super. 117, 127-28 (App. Div. 2009). Accordingly, "[w]hen a motion . . . is filed for modification or termination of . . . child support, . . . the movant shall append copies of the movant's current [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment[,] or agreement sought to be modified." R. 5:5-4(a)(4). "A prima facie showing of changed circumstances must be made before a court will order discovery of an ex-spouse's financial

status," Lepis, 83 N.J. at 157, including "a copy of a current [CIS]," R. 5:5-4(a)(4).

A mere showing of an obligor's reduction in income is not dispositive. In fact, current earnings have never been viewed as "the sole criterion [upon which] to establish a party's obligation for support." Weitzman v. Weitzman, 228 N.J. Super. 346, 354 (App. Div. 1988) (quoting Lynn v. Lynn, 165 N.J. Super. 328, 341 (App. Div. 1979)). A party's "potential to generate income is a significant factor to consider when determining [their] ability to pay [support]." Miller v. Miller, 160 N.J. 408, 420 (1999).

Guided by these standards, we are persuaded Judge Council correctly determined defendant's proofs were insufficient to establish a basis for a change in the parties' custodial and parenting time arrangement, or a modification in child support. Our review of the record also convinces us defendant's proofs were lacking regarding her contention that Judge Council should recuse himself from the case based on his alleged bias against her. See Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008) ("Bias cannot be inferred from adverse rulings against a party."). Thus, we affirm the challenged orders, substantially for the reasons expressed by Judge Council in his thoughtful written opinions.

A-3599-21

Any remaining arguments raised by defendant are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION