**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2233-22

BROCK H. SACKSTEIN,

    Plaintiff-Respondent,

v.

KRISTA A. KUKIS,

    Defendant-Appellant.

_____

Argued April 15, 2024 – Decided April 24, 2024

Before Judges Mawla and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FD-03-1489-17.

Christine Casullo Cockerill argued the cause for appellant (Cockerill, Craig & Moore, LLC, attorneys; Christine Casullo Cockerill and Matthew John Marchini, on the briefs).

David Ryan Nussey argued the cause for respondent (Klineburger and Nussey, attorneys; David Ryan Nussey and Lisa Gosnay Nolan, on the brief).

PER CURIAM

In this non-dissolution matter, defendant Krista Kukis appeals from a March 7, 2023 order denying her application for child support. We reverse and remand the order for further proceedings consistent with this opinion.

Defendant and plaintiff Brock Sackstein are parents of a child who is now sixteen years old. At some point, the parties' relationship dissolved, and on June 20, 2017, the court granted the parties joint legal custody and entered an equal shared parenting arrangement for the summer of 2017, whereby the child spent one week with one parent and the following week with the other. On October 13, 2017, the matter returned to court, and the court continued the shared parenting arrangement. Defendant had sought child support, but the court's order stated it had "insufficient information to address child support at [that] time, and [defendant would have to file] a separate motion supplemented by a completed [Case Information Statement (CIS)] from both parties with all applicable attachments." The order noted the court would preserve the retroactive filing date for child support "in the event the application is filed within [forty-five] days of [October 13, 2017, and plaintiff's] counsel is free to argue a later date of retroactivity for this application." Defendant did not file an application within forty-five days of the October 2017 order.

The parties continued to dispute custody, parenting time, and child support and each filed an application, which the court heard on February 5, 2018. The court found there had been no change in circumstances warranting modification of the June and October 2017 orders. As to child support, the order stated: "This matter may be relisted for a child support hearing once [defendant] serves [plaintiff] with support documents consistent with the pertinent court rules." The record does not reflect defendant served plaintiff with the documents, presumably the CIS, the court had previously ordered.

In September 2021, plaintiff filed an order to show cause seeking relief related to custody and parenting time. The court converted the emergent application to a motion. Defendant's cross-motion made various requests for relief but did not include a request for child support. The court adjudicated the parties' claims in an order dated October 15, 2021.

On November 15, 2022, defendant moved to modify the October 15, 2021 order, and as regards the issues raised on this appeal, she also moved to establish child support and for "a brief period of discovery for child support purposes given the nature of [p]laintiff's income stream outside of W-2 income." Defendant's motion pleadings appended a non-dissolution financial statement for summary support actions, her 2021 W-2, and three most recent pay stubs.

Defendant certified that she worked fulltime, had two other young children born since the court entered the initial 2017 order in this case, and that she resided with their father. She pointed out plaintiff was married and had two small children of his own. Defendant noted she had requested child support in 2017 and 2018, but "[t]here [had] been so many substantive parenting issues that the child support requests fell by the wayside." She was now requesting "the court enter a formal child support order."

Defendant certified that even though the parties had equal parenting time, plaintiff "traditionally earned over double what [she] earn[ed] annually." The parties worked in the same industry, her annual income fluctuated, but she was a W-2 employee, and her income was reflected on the document. Defendant requested discovery because she claimed plaintiff earned income through properties he owned and business earnings, in addition to his W-2 earnings.

The motion judge heard oral argument on March 6, 2023. The bulk of the argument regarded the parties' dispute over a pressing medical issue related to their child. When defendant's attorney sought to address the child support-related aspects of her client's application, the judge stated he would not address child support or anything else because the more important matter was the child's medical issue. Notwithstanding the judge's reluctance, he permitted defense

4

counsel to argue, and asked counsel to explain what change of circumstance existed as to child support. She pointed out the parties' income discrepancy, the fact they each had other children, and that plaintiff had not provided "any financial information for child support."

The judge responded defendant had to show a change in circumstance before the court "would order the exchange of financial information." Although the judge acknowledged that "in this case there is no child support order" and defendant had requested child support in 2017 and 2018, "she was ordered to supply documentation and [he] guess[ed] she didn't[,] and the issue just essentially went away." Regardless, the judge concluded he would not order child support because there was no change in circumstances. The judge entered the March 2023 order, which stated: "The [c]ourt finds no change of circumstances warranting a review of child support (the parties have the same shared custodial arrangement and [d]efendant disregarded prior orders concerning child support[-]related issues)."

I.

"The trial court has substantial discretion in making a child support award." Foust v. Glaser, 340 N.J. Super. 312, 315 (App. Div. 2001). "If consistent with the law, such an award 'will not be disturbed unless it is

"manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice."'" Id. at 315-16 (quoting Raynor v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999)). The standard of review "is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence" in the record. Cesare v. Cesare, 154 N.J. 394, 411-412 (1998). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

Defendant argues we must review the March 2023 order de novo because the motion judge erred as a matter of law when he found she had to prove a change in circumstances to establish child support. She further asserts the judge ignored that child support belongs to the child and the right to support from each parent cannot be waived, even where a parent fails to "apply for or perfect an application for child support." Defendant contends the judge also misapplied the law when he failed to analyze child support under N.J.S.A. 2A:34-23(a). She argues the court should have calculated child support using the New Jersey Child Support Guidelines as a starting point, because the guidelines are presumptive. She adds, child support was warranted even under a change in circumstances standard given the parties' income disparity and the fact they each have had other children since the initial order in 2017. We address these arguments in turn.

6

## II.

It is axiomatic that child support is a right that belongs to the child. Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993). Both parents bear the obligation of child support. Pascale v. Pascale, 140 N.J. 583, 593 (1995). "[C]hildren are entitled to share in the current income of both parents." Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 1, www.gannlaw.com (2024). To that end, our court rules state the guidelines "shall be applied when an application to establish or modify child support is considered by the court." R. 5:6A. A court need not apply the guidelines where there is good cause not to, namely "factors which may make the guidelines inapplicable or subject to modification and [where an] . . . injustice would result from the application of the guidelines." Ibid. However, the "guidelines must be used as a rebuttable presumption to establish or modify all child support orders. The guidelines must be applied in all actions, contested or uncontested, in which child support is being determined including . . . non-dissolution" matters. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 2.

Another basic principle is that our courts "may make [an] order as to the . . . maintenance of the [parties'] child[]" and that "[o]rders so made may be

revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. Our Supreme Court has explained the authority to modify orders emanates from the fact "support orders define only the present obligations of the [parties]." Lepis v. Lepis, 83 N.J. 139, 146 (1980). Therefore, "[t]hose duties are always subject to review and modification on a showing of 'changed circumstances.'" Ibid. (quoting Chalmers v. Chalmers, 65 N.J. 186, 192 (1974)). Thus, the condition precedent for a court's ability to determine whether a change in circumstances exists is the existence of an order wherein the court has adjudicated support in initio.

Pursuant to these principles, we are constrained to conclude the motion judge misapprehended the law when he declined to adjudicate child support because there had been no change of circumstances since entry of the 2017 and 2018 orders. Those orders never established child support and a change in circumstances standard did not apply for this reason; defendant never moved to modify child support, but rather establish it.[1] For these reasons, we reverse the

---

[1] For purposes of completeness, even if the change in circumstances standard applied, there was ample basis to find changed circumstances. Plaintiff remarried and had two other children and defendant had three other children. Under the guidelines, each party would be entitled to seek an other dependent deduction, which could make child support payable, notwithstanding the parties' equal parenting time. Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 10.

March 7, 2023 order and direct the trial court to establish child support, as we will later explain herein.

Before we do so, we first address the 2017 and 2018 orders, which denied defendant child support because she had not filed a CIS, as they formed the basis for the erroneous March 2023 order. Rule 5:5-3 requires both litigants in non-dissolution cases involving child support, prior to the hearing, to serve upon each other, and the court, a financial statement in summary support actions. "The court shall use the information provided . . . and any other relevant facts to set an adequate level of child support in accordance with R[ule] 5:6A." R. 5:5-3. A CIS in form prescribed by Rule 5:5-2(a) is only required in non-dissolution matters "involving the support of a spouse, civil union partner or domestic partner, or requests for college or post-secondary school contribution." Ibid.

For these reasons, notwithstanding defendant's failure to meet the forty-five-day deadline in the 2017 order to file a CIS, the requirement that defendant file a CIS to obtain child support was mistaken as a matter of law. The 2018 order compounded this error when the court again found defendant had not filed a CIS. Furthermore, neither the 2017 nor the 2018 orders contained findings regarding the necessity for a CIS. Although plaintiff asserts a CIS was required

because defendant derived income from sources other than her W-2 employment, Rule 5:5-3 still applied.

And although, as plaintiff points out, the financial statement defendant provided when she sought child support in 2021 was incomplete, the court still had her W-2 and last three paystubs. If convinced these documents were insufficient, it could have ordered limited discovery regarding her income. Indeed, "[w]hether the case is designated as complex or handled as a summary action, Family Part judges have broad discretion to permit, deny, or limit discovery in accordance with the circumstances of the individual case." Major v. Maguire, 224 N.J. 1, 24 (2016).

For these reasons, the March 7, 2023 order's reliance on the 2017 and 2018 orders and the change in circumstances standard as the basis for to deny child support was a mistaken application of law. We remand the matter to the motion judge to calculate child support retroactive to November 15, 2022, the date of defendant's motion seeking child support. Both parties[2] shall file a fully completed financial statement in support of summary actions in accordance with a deadline to be determined by the motion judge. The motion judge shall decide

_____

[2] Plaintiff concedes he never filed a financial statement, based on the erroneous belief one was not required until defendant established a prima facie change in circumstances.

10

whether there shall be discovery regarding the parties' finances for purposes of adjudicating child support and shall establish a schedule for limited discovery as to child support. Thereafter, the motion judge shall adjudicate the request for child support in accordance with the guidelines.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11